ROBERT R. BARROW, PLAINTIFF IN ERROR, *v.* NATHANIEL B. HILL.

Where the only exceptions taken in the court below were to the refusals of the court to continue the case to the next term; and it appears that the continuance asked for below and the suing out the writ of error were only for the purpose of delaying the payment of a just debt, and no counsel appeared in this court on that side, the 17th rule will be applied and the judgment of the court below be affirmed with ten per cent. interest.

THIS case was brought up, by writ of error, from the Circuit Court of the United States for the Eastern District of Louisiana.

Hill was a citizen of South-Carolina, and sold two slaves to Barrow, a citizen of Louisiana. Barrow gave his note for $2,000, dated 12th of February, 1848, payable twelve months after date. When due, it was protested. Hill then filed his petition in the Circuit Court of the United States. Barrow's answer admitted the execution of the note, but alleged that the negroes were unsound. In April, 1850, the cause came on for trial. The counsel for the defendant moved the court for a continuance "on the ground that William C. Fisher; a material witness for the defendant is absent or does not appear on the trial of this cause; that the said Fisher is in the city at this time; that defendant desired the clerk of this court to summon said Fisher, but that the marshal has not been able to find him and serve him with a *subpœna*. Nevertheless, it appeared that on the next day, Fisher was present in court and examined. The conclusion of the first bill of exceptions was as follows, viz.:

The defendant further declares that he has not induced or consented to said Fisher's absence; to all of which the defendant offered to swear, but the court overruled the motions on the ground that it appeared, by the declaration of the counsel for defendant, that the witness Fisher was the day before, seen by him in the city of New Orleans, and therefore the court declared that the testimony of the said witness would be received before the conclusion of the trial. Accordingly, the next morning, the witness appeared in court, and was regularly examined by the counsel of both defendant and plaintiff, and his testimony was commented on by counsel before the cause was finally submitted; whereupon the counsel for the defendant excepts to the ruling of the court, and tenders this his bill of exceptions, praying that the same may be signed and made a part of this record.                              THEO. H. McCALEB,
                                    *United States Judge.*

The second bill of exceptions was as follows:

Be it remembered, that at the trial of this cause before the court, at the term aforesaid, the counsel for the defendant moved the court for a continuance, on the grounds that a commission was issued by this court on the 11th March, 1850, to take the testimony of William S. Green, a resident of the State of Kentucky, but supposed to be at that time on a plantation owned by said Green in the parish of Terrebonne, Louisiana. That the testimony of said Green is important, material, and necessary to the defence. That due diligence has been used to have this testimony of said Green taken, but that the said commission has not yet been returned to this court; to all of which the defendant offered to swear, but the court overruled the motion, on the ground that the commission had issued some time after issue joined, and subject to the right of the adverse party to have the case tried when regularly docketed; and also upon the ground that a sufficient time had been allowed for the return of said commission. Whereupon the counsel for defendant excepts to the ruling of the court and tenders this his bill of exceptions, praying that the same may be signed and made a part of the record.                    THEO. H. McCALEB,
*United States Judge.*

After hearing Fisher and another witness for the defendant, and a witness for the plaintiff, the court gave judgment for the plaintiff; whereupon the cause was brought up to this court upon the two exceptions above mentioned.

It was argued by *Mr. Venable,* for the defendant in error, no counsel appearing for the plaintiff in error.

*Mr. Venable* said, — the only error assigned is, that the judge below overruled a motion for a continuance for reasons set forth in the bill of exceptions; an application for a continuance being addressed to the discretion of the court, it is submitted that, in this case, that discretion was soundly exercised; and the defendant prays that the judgment be affirmed. And, as it appears that this writ of error was sued out for delay, he further asks that damages may be awarded him, according to the seventeenth rule of this court.

Mr. Chief Justice TANEY delivered the opinion of the court.

This case is brought up by a writ of error, directed to the Circuit Court of the United States for the Eastern District of Louisiana.

No counsel has appeared in this court for the plaintiff in error. The case has been called in its regular order for argument, and thereupon the counsel for the defendant has, under the 19th rule of the court, opened the record and argued the case, and prays an affirmance of the judgment, with ten per cent. damages, on the ground that the writ of error was issued merely for delay.

Upon looking into the record, it appears that two exceptions were taken in the court below by the plaintiff in error; and both of them were taken to the refusal of the court to continue the case to the next term.

It has been repeatedly decided in this court, that a motion for the continuance of the cause addresses itself to the sound judicial discretion of the court, and its decision, for or against the motion, cannot be assigned as error in this court. The rule is so familiar in practice, that it is unnecessary to refer to cases to prove it. The decision of the Circuit Court, therefore, upon the motions above mentioned, is no ground for reversing the judgment, and does not afford any reasonable foundation for suing out this writ of error.

And, upon examining the statement in the exceptions, and the reasons assigned by the court for its refusal, the inference would seem to be irresistible, that the continuance was not asked for by the plaintiff in error, under the expectation that it would enable him to obtain testimony material to his defence, but to delay the payment of a just debt, and that the writ of error was sued out for the same purpose. The case, therefore, falls within the 17th rule of the court, and the judgment is accordingly affirmed, with ten per cent. interest on the amount, from the rendition of the judgment in the Circuit Court until paid.

### Order.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the Eastern District of Louisiana, and was argued by counsel for the defendant in error. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said Circuit Court, in this cause be, and the same is hereby, affirmed, with costs and with interest, at the rate of ten per centum per annum on the amount, from the rendition of the judgment in the Circuit Court until paid.