Frederick T. GRIFFITHS

v.

UNITED STATES.

No. 508–56.

United States Court of Claims.
May 6, 1959.

William J. Woolston, Philadelphia, Pa., for plaintiff.

Francis X. Daly, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

PER CURIAM.

Plaintiff has instituted this suit against the United States to recover the pay and allowances alleged to be due him for service as an Army major for the period since June 19, 1954. The case was referred by the court, pursuant to Rule 45, 28 U.S.C.A., to Mastin G. White, a trial commissioner of the court, with directions to make findings of fact and recommendations for conclusions of law. The commissioner has done so in a report filed November 5, 1958, reaching the conclusion that plaintiff is not entitled to recover and recommending that the petition be dismissed. Upon consideration of that report, together with the exceptions, briefs and oral argument by counsel, the court adopts the trial commissioner's opinion and findings of fact, as hereinafter set forth, as the basis for its judgment in this case. Plaintiff is therefore not entitled to recover and his petition will be dismissed.

It is so ordered.

### Opinion of the Commissioner

The plaintiff asserts in this litigation a claim against the United States for the pay and allowances of an Army major. It is indicated in the petition that the claim covers the period "since June 19, 1954."

On the date mentioned in the preceding paragraph, the plaintiff, who was then serving as a major in the Army, was found guilty by a general court-martial of various acts of misconduct prohibited by the Uniform Code of Military Justice (50 U.S.C., 1952 ed., 551–736),* and was sentenced to be dismissed from the military service, to forfeit all pay and allowances, and to be confined at hard labor for 3 years. The action of the court-martial was subsequently reviewed by the appropriate military agencies and the sentence was approved (except that the period of confinement was reduced from 3 years to 2 years). The sentence, as modified, was duly executed.

* Now 10 U.S.C.A. § 801 et seq.

The plaintiff contends that the action of the general court-martial in convicting and sentencing him "was void because plaintiff was denied the Constitutional right to counsel of his choice * * *." Fundamentally, this contention is based upon the fact that when the general court-martial was finally convened for the trial of plaintiff's case on June 7, 1954, the court-martial refused to grant a motion submitted on behalf of the plaintiff that the trial be continued until such time as Thomas D. McBride, a civilian attorney whom the plaintiff had retained to represent him during the course of the court-martial proceedings, could be present and participate in the trial.

The granting or denial of a motion for continuance is within the discretion of the court to which the motion is submitted. Sims v. Hundley, 1847, 6 How. 1, 6, 12 L.Ed. 319; Barrow v. Hill, 1851, 13 How. 54, 56, 14 L.Ed. 48; Sechrist v. Bryant, 1923, 52 App.D.C. 286, 286 F. 456, 457. Generally, the question whether a court-martial properly or erroneously exercised its discretion in denying a motion for continuance submitted by an accused cannot be considered by a civilian court (such as the Court of Claims), since a civilian court is not empowered to grant relief on the ground of errors committed by a court-martial in the performance of its functions. Dynes v. Hoover, 1857, 20 How. 65, 82, 15 L.Ed. 838; Ex parte Reed, 1879, 100 U.S. 13, 23, 25 L.Ed. 538; Swaim v. United States, 1897, 165 U.S. 553, 561, 17 S.Ct. 448, 41 L.Ed. 823; Collins v. Johnston, 1915, 237 U.S. 502, 507, 35 S.Ct. 649, 59 L.Ed. 1071; Moses v. United States, 1957, 137 Ct.Cl. 374, 380. The correction of any such errors is entrusted to the appropriate military authorities. Hiatt v. Brown, 1950, 339 U.S. 103, 111, 70 S.Ct. 495, 94 L.Ed. 691.

A person convicted and sentenced by a court-martial can obtain relief from a civilian court only upon the basis of a determination by the civilian court that the action of the court-martial was void (Carter v. McClaughry, 1902, 183 U.S. 365, 401, 22 S.Ct. 181, 46 L.Ed. 236); and such a determination can only be based upon a finding that the court-martial lacked jurisdiction of the person or of the offense, or, if it had jurisdiction, that the court-martial exceeded its lawful powers. Johnson v. Sayre, 1895, 158 U.S. 109, 118, 15 S.Ct. 773, 39 L.Ed. 914; Carter v. Roberts, 1900, 177 U.S. 496, 498, 20 S.Ct. 713, 44 L.Ed. 861; Mullan v. United States, 1909, 212 U.S. 516, 520, 29 S.Ct. 330, 53 L.Ed. 632.

Under some circumstances, however, the denial of a motion for continuance can have the effect of depriving the accused in a criminal prosecution of the right to the assistance of counsel for his defense guaranteed by the Constitution. Avery v. State of Alabama, 1940, 308 U.S. 444, 446, 60 S.Ct. 321, 84 L.Ed. 377. In this connection, it has been held that to deprive the accused in a criminal prosecution of the right to the assistance of counsel is a jurisdictional defect which will invalidate a conviction by a Federal civilian court (Johnson v. Zerbst, 1938, 304 U.S. 458, 467–468, 58 S.Ct. 1019, 82 L.Ed. 1461), or by a court-martial (Shapiro v. United States, 1947, 69 F.Supp. 205, 107 Ct.Cl. 650, 655).

In the present case, if the plaintiff's conviction by the general court-martial on June 19, 1954 was void because he was denied the assistance of counsel, the plaintiff's entitlement to his pay and allowances as a major in the Army was not affected by the conviction and the subsequent actions that were taken to execute the sentence imposed upon him. Shapiro v. United States, supra, 69 F.Supp. at pages 207–208, 107 Ct.Cl. at pages 654–655; Fly v. United States, 1951, 100 F. Supp. 440, 120 Ct.Cl. 482, 496–497. Therefore, it is necessary to consider whether the action of the court-martial in refusing to continue the trial of the plaintiff's case until the civilian attorney McBride could be present had the effect of depriving the plaintiff of his right under the Constitution to the assistance of counsel for his defense.

Court-martial charges were originally preferred against the plaintiff on Janu-

ary 4, 1954. The plaintiff was then stationed at the Schuylkill Arsenal in Philadelphia. Ten days after the charges were preferred against him, the plaintiff retained Thomas D. McBride, a civilian attorney practicing in Philadelphia, to represent him at the pretrial investigation of the charges and at the court-martial trial. On the same day, Mr. McBride, in the presence and with the acquiescence of the plaintiff, requested John R. Carroll, another civilian attorney practicing in Philadelphia, to render assistance in connection with the defense of the plaintiff, and Mr. Carroll agreed to do so. The assistance of Mr. Carroll was sought because he was familiar with court-martial procedure.

Messrs. McBride and Carroll appeared for the plaintiff at the pretrial investigation of the charges against the plaintiff that was conducted under Article 32 of the Uniform Code of Military Justice on or about January 22, 1954.

After the pretrial investigation, the court-martial charges against the plaintiff were referred on February 11, 1954 by the Commanding General of the Second Army to a general court-martial for trial.

Subsequently, sometime during the month of February, Mr. McBride advised the convening authority of the general court-martial that he had previously been engaged as counsel for the defendants in a case entitled United States v. Kuzma, 141 F.Supp. 91, a criminal prosecution in the United States District Court for the Eastern District of Pennsylvania, and that the trial of the Kuzma case was scheduled to begin on March 15, 1954. Mr. McBride requested that the plaintiff's court-martial trial either be completed prior to March 15, 1954, or else be continued until after the completion of the trial in the Kuzma case. However, additional court-martial charges against the plaintiff were being processed in February and March of 1954, and no action was taken by the convening authority to schedule the plaintiff's court-martial trial so that it could be completed prior to March 15, 1954.

With respect to Mr. McBride's involvement in the Kuzma case, the evidence shows that he had entered his appearance on September 14, 1953 as attorney for the defendants in that case. The evidence also shows that nine other attorneys, including Mr. Carroll, had become associated with Mr. McBride as counsel for the defendants in the Kuzma case on December 18, 1953.

The additional court-martial charges mentioned above were formally preferred against the plaintiff on March 16, 1954. They were investigated in accordance with Article 32 of the Uniform Code of Military Justice on or about March 24, 1954. Mr. Carroll appeared for the plaintiff at the time of the investigation of the additional charges against him. Mr. McBride was not present at this investigation, because he was already involved in the trial of the Kuzma case at Philadelphia, which trial had begun on March 22, 1954.

The additional charges against the plaintiff were referred on March 30, 1954 by the Commanding General of the Second Army to the same general court-martial previously mentioned, and it was directed that the additional charges and the original charges be tried together.

Under the date of April 7, 1954, Mr. McBride wrote to the Commanding General of the Second Army a letter requesting that the plaintiff's court-martial case be continued because of Mr. McBride's involvement in the trial of the Kuzma case. With respect to the latter trial, Mr. McBride stated that "It looks as though it will last until July." In a reply dated April 19, 1954, Mr. McBride was informed that although his request for an indefinite continuance was denied, the plaintiff's trial would be scheduled for May 3, 1954, in order to give the defense additional time for preparation.

Thereafter, Mr. Carroll, in a letter dated April 23, 1954, requested the Commanding General of the Second Army to reconsider the matter of granting a longer continuance in connection with the prospective trial of the plaintiff's case. Mr. Carroll was informed in a reply

dated April 28, 1954 that the request for an indefinite continuance was again denied.

On April 16, 1954, the plaintiff was officially notified that his case was listed for trial before the general court-martial on May 3, 1954. Upon the receipt of this trial notice, another application for a continuance was submitted to the convening authority on behalf of the plaintiff. The ground stated for the request was that Mr. McBride was then engaged, and on May 3, 1954 would still be engaged in the trial of the Kuzma case. This application for continuance was denied by the convening authority.

On April 29, 1954, the Commanding General of the Second Army appointed another general court-martial, and directed that the plaintiff's case (among others) be transferred to the new court-martial for trial. The officer who had been serving as defense counsel on the general court-martial to which the charges against the plaintiff had previously been referred was appointed to serve in the same capacity on the new general court-martial.

On May 3, 1954, the new general court-martial convened at Fort George G. Meade, Maryland, for the trial of the plaintiff's case. Mr. Carroll and the regularly appointed defense counsel of the court-martial appeared for the plaintiff, although Mr. Carroll stated that his appearance was for the limited purpose of submitting a motion for a continuance. The motion was based primarily upon the absence of Mr. McBride due to his involvement in the trial of the Kuzma case. After a hearing on the motion, the court-martial granted a continuance for 3 weeks, or until May 24, 1954.

After the trial session on May 3, 1954, the plaintiff obtained from the convening authority a 7-day leave of absence in order that he might have an opportunity to secure additional civilian counsel. Upon the conclusion of his leave of absence, the plaintiff indicated to the convening authority that he had not obtained additional civilian counsel, and he advised the convening authority that Mr. McBride could not be present for his trial unless it was delayed until after the conclusion of the trial in the Kuzma case.

Following the report from the plaintiff mentioned in the preceding paragraph, the convening authority appointed a new defense counsel for the general court-martial before which the plaintiff's case was pending; and the previously appointed defense counsel was designated to serve as assistant defense counsel of the court-martial. Both the defense counsel and assistant defense counsel were officers of the Judge Advocate General's Corps of the Army and were qualified under Article 27 of the Uniform Code of Military Justice to act as counsel before general courts-martial.

At about the time of the appointment of the new defense counsel, Mr. McBride returned to the plaintiff all the files and papers pertaining to his case.

At the request of the newly appointed defense counsel, the court-martial granted a further continuance from May 24 to June 7, '54, in order that the defense counsel might have an opportunity for the preparation of the case.

The general court-martial was reconvened at Fort George G. Meade on June 7, 1954 for the trial of the plaintiff's case. The plaintiff was represented on that occasion by the regularly appointed defense counsel and assistant defense counsel of the court-martial. Neither Mr. McBride nor Mr. Carroll was present. Mr. McBride was unable to be present because he was still engaged in the trial of the Kuzma case, and the judge presiding over that trial refused to recess it in order that Mr. McBride might be present and participate in the plaintiff's court-martial trial. The evidence does not show that Mr. Carroll's absence from the plaintiff's court-martial trial on June 7, 1954 was due to inability to be present, and the plaintiff indicated to the court-martial that he had no objection to proceeding without Mr. Carroll. However, the court-martial was advised that the plaintiff wished to be represented at the trial by Mr. McBride, and the court-martial was requested to grant a further

continuance because of Mr. McBride's absence. The request for a further continuance was denied by the court-martial.

After the denial of the request for a further continuance mentioned in the preceding paragraph, the plaintiff was arraigned before the general court-martial and the trial of his case proceeded. The regularly appointed defense counsel and assistant defense counsel represented the plaintiff throughout the trial, which was completed on June 19, 1954. During the entire court-martial trial of the plaintiff, Mr. McBride was absent because of his engagement in the trial of the Kuzma case at Philadelphia. That trial was not finally completed until August 13, 1954.

■ There is no evidence in the record of this case tending to show that either the defense counsel or assistant defense counsel who represented the plaintiff at his trial before the general court-martial was incompetent or failed in any way to give effective assistance to the plaintiff in the preparation and trial of his case. Moreover, since these officers were engaged in the performance of official duties while serving as defense counsel and assistant defense counsel of the court-martial, it must be presumed, in the absence of evidence to the contrary, that they properly performed their duties. United States v. Chemical Foundation, 1926, 272 U.S. 1, 14–15, 47 S.Ct. 1, 71 L.Ed. 131.

In this connection, it will be noted that the Sixth Amendment to the Constitution provides that "In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence." It is my opinion that, under the circumstances of the present case, this constitutional requirement was met with respect to the plaintiff's court-martial trial through the assistance that was rendered to him in the preparation and conduct of his defense by two competent attorneys serving in the respective roles of defense counsel and assistant defense counsel.

■ It is true that the plaintiff wished to be represented at his court-martial trial by Mr. McBride. However, the Constitution obviously does not guarantee to an accused in a criminal prosecution the right to the assistance of any particular attorney. It is sufficient that the plaintiff was, as shown by the summary of the evidence given above, afforded a reasonable opportunity to attempt to arrange for the attendance of the attorney of his first choice at the court-martial trial. See Sanford v. Robbins, 5 Cir., 1940, 115 F.2d 435, 438, certiorari denied 312 U.S. 697, 61 S.Ct. 737, 85 L.Ed. 1132.

Although there may be room for a difference of opinion as to whether the general court-martial, in the exercise of its discretion, should have allowed or denied the plaintiff's motion on June 7, 1954 for a further continuance to await the availability of Mr. McBride, it is clear, in my opinion, that the court-martial was not under a mandatory constitutional duty to grant a further continuance.

For the reasons stated above, I believe that the action of the court-martial in convicting and sentencing the plaintiff was not void because of a denial to the plaintiff of his constitutional right to the assistance of counsel for his defense. It necessarily follows that the petition in the present case should be dismissed.

### Findings of Fact

1. The plaintiff, Frederick T. Griffiths, is a citizen of the United States and a resident of the State of Ohio.

2. On January 4, 1954, the plaintiff was a major in the United States Army and was on active military duty, being stationed at the Schuylkill Arsenal, Philadelphia, Pennsylvania. On the date mentioned, charges alleging violations of the Uniform Code of Military Justice [1] (hereinafter referred to as "the Code") were preferred against the plaintiff in accordance with Article 30 of the Code. These charges were investigated on or about January 22, 1954, pursuant to Article 32 of the Code; and on February 11, 1954, in accordance with Article 34 of the

I. 50 U.S.C., 1952 ed., 551–736, now 10 U.S.C.A. § 801 et seq.

Code, the charges were referred by the Commanding General of the Second Army to a general court-martial for trial. A copy of the charges was served upon the plaintiff on February 17, 1954, in accordance with Article 35 of the Code.

3. The general court-martial to which the charges against the plaintiff were referred on February 11, 1954 for trial was appointed by the Commanding General of the Second Army on that date pursuant to Article 22 of the Code. Its membership was composed of military personnel qualified to serve in that capacity under Article 25 of the Code; a law officer of the court-martial was appointed in accordance with Article 26 of the Code; and a trial counsel, an assistant trial counsel, and a defense counsel of the court-martial were appointed in accordance with Article 27 of the Code.

4. On January 14, 1954, after the charges mentioned in finding 2 had been preferred against the plaintiff, he retained Thomas D. McBride, a civilian attorney practicing in Philadelphia, Pennsylvania, to represent him at the pretrial investigation of the charges and at the court-martial trial. On the same day, Mr. McBride, in the presence and with the acquiescence of the plaintiff, requested John R. Carroll, another civilian attorney practicing in Philadelphia, to render assistance in connection with the defense of the plaintiff, and Mr. Carroll agreed to do so. The assistance of Mr. Carroll was sought because he was familiar with court-martial procedure. Messrs. McBride and Carroll appeared for the plaintiff at the pretrial investigation that was conducted on or about January 22, 1954 under Article 32 of the Code.

5. Prior to agreeing to represent the plaintiff in the court-martial proceedings, Mr. McBride had entered his appearance on September 14, 1953 as attorney for the defendants in the case of United States v. Kuzma, 141 F.Supp. 91, a criminal prosecution in the United States District Court for the Eastern District of Pennsylvania. On December 18, 1953, nine other attorneys, including Mr. Carroll, had become associated with Mr. McBride as counsel for the defendants in the Kuzma case.

6. Sometime in February 1954, Mr. McBride advised the convening authority of the general court-martial referred to in findings 2 and 3 regarding his prior engagement as counsel for the defendants in the case of United States v. Joseph Kuzma and that the trial in the Kuzma case was scheduled to commence on March 15, 1954. Mr. McBride requested that the plaintiff's court-martial trial either be completed prior to March 15, 1954, or else be continued until after the completion of the trial in the Kuzma case. However, additional charges against the plaintiff, alleging other violations of the Code, were being processed in February and March of 1954, and no action was taken by the convening authority to schedule the plaintiff's court-martial trial so that it could be completed prior to March 15, 1954.

7. The additional charges mentioned in finding 6 were formally preferred against the plaintiff on March 16, 1954. They were investigated in accordance with Article 32 of the Code on or about March 24, 1954; and on March 30, 1954, they were referred by the Commanding General of the Second Army to the general court-martial mentioned in findings 2 and 3 for trial, it being directed that the additional charges "be tried together with charges dated January 4." The plaintiff was served with a copy of the additional charges on April 5, 1954.

8. Mr. Carroll appeared for the plaintiff at the time of the investigation of the additional charges against him under Article 32 of the Code on or about March 24, 1954. Mr. McBride was not present at such investigation, because he was already involved in the trial of the Kuzma case at Philadelphia. That trial had begun on March 22, 1954.

9. The original charges and the additional charges against the plaintiff contained a total of 12 specifications alleging the commission of various criminal offenses under the Code. These offenses included the making of false official state-

ments, larceny, perjury, subornation of perjury, solicitation of the commission of frauds, and misprision of a felony.[2]

10. (a) Under the date of April 7, 1954, Mr. McBride wrote to the Commanding General of the Second Army a letter requesting that the plaintiff's court-martial case be continued because of Mr. McBride's involvement in the trial of the Kuzma case. With respect to the latter trial, Mr. McBride stated that "It looks as though it will last until July."

(b) In a reply dated April 19, 1954, Mr. McBride was informed that although his request for an indefinite continuance was denied, the plaintiff's trial would be scheduled for May 3, 1954, in order to give the defense additional time for preparation.

11. (a) In a letter dated April 23, 1954, Mr. Carroll requested the Commanding General of the Second Army to reconsider the matter of granting a longer continuance in connection with the prospective trial of the plaintiff's court-martial case.

(b) In reply dated April 28, 1954, Mr. Carroll was informed that the request for an indefinite continuance was again denied, and that the opening of the plaintiff's trial would be set for May 3, 1954 at 0900 hours.

12. On April 16, 1954, the trial counsel of the general court-martial mentioned in findings 2 and 3 advised the plaintiff that his case was listed for trial before the court-martial on May 3, 1954.

13. (a) Upon receipt of the trial notice mentioned in finding 12, another application for a continuance was submitted to the convening authority on behalf of the plaintiff. The ground stated for the request was that Mr. McBride was then engaged, and on May 3, 1954 would still be engaged, in the trial of the Kuzma case before the United States District Court for the Eastern District of Pennsylvania.

(b) The application for continuance mentioned in paragraph (a) of this finding was denied by the convening authority.

14. (a) On April 29, 1954, the Commanding General of the Second Army appointed another general court-martial pursuant to Article 22 of the Code. The membership of this court-martial consisted of three colonels and five lieutenant colonels of the Army qualified to serve under Article 25 of the Code; and a law officer of the court-martial was appointed in accordance with Article 26 of the Code. The trial counsel, assistant trial counsel, and defense counsel of the general court-martial mentioned in findings 2 and 3 were appointed to serve in the same respective capacities with the general court-martial appointed on April 29, 1954.

(b) The order appointing the general court-martial on April 29, 1954 directed that all unarraigned cases in the hands of the trial counsel of the general court-martial appointed on February 11, 1954 should "be brought to trial before the court hereby appointed."[3]

15. (a) On May 3, 1954, the general court-martial mentioned in finding 14 convened at Fort George G. Meade, Maryland, for the trial of the plaintiff's case. Mr. Carroll and the regularly appointed defense counsel of the court-martial appeared for the plaintiff, although Mr. Carroll stated that his appearance was for the limited purpose of submitting a motion for a continuance.

(b) The motion for continuance mentioned in paragraph (a) of this finding was based primarily upon the absence of Mr. McBride. With respect to such absence, the motion stated as follows:

"1. Accused's civilian counsel, Thomas D. McBride, Esq. of Philadelphia is ill, having on Thursday, April 22, 1954 undergone abdominal surgery on account of acute intestinal adhesions at the Hahnemann

---

2. The plaintiff was charged with conduct unbecoming an officer and a gentleman in connection with some of the alleged criminal acts.

3. This included the plaintiff's case.

Hospital, Philadelphia, Penna. He will not be sufficiently recuperated to participate in this trial for at least three weeks.

"2. Accused's civilian counsel, Thomas D. McBride, Esq. is committed to an engagement in the United States District Court for the Eastern District of Pennsylvania in the case of United States v. Kuzma Crim. Nos. 17410, 17418, the trial of which matter began on March 15, 1954 and is not expected to terminate before 1 July 1954 and the Honorable J. Cullen Ganey, Judge of that said Court declines to excuse Mr. McBride therefrom for the purpose of participating in this trial."

16. (a) After the trial session on May 3, 1954, the plaintiff submitted to the convening authority a request for a 7-day leave of absence in order that he might have an opportunity to secure additional civilian counsel. The convening authority approved the plaintiff's request for leave effective May 6, 1954. The plaintiff was directed to report the name and address of any civilian counsel that he might obtain, and he was advised that if he did not engage such counsel, additional military defense counsel would be appointed.

(b) Upon the conclusion of his leave of absence, the plaintiff indicated to the convening authority that he had not obtained additional civilian counsel, and he advised the convening authority that Mr. McBride could not be present for his trial unless it was delayed until after the conclusion of the trial in the Kuzma case. Thereupon, in accordance with Article 27 of the Code, the convening authority on May 14, 1954 appointed a new defense counsel for the general court-martial mentioned in finding 14, and the previously appointed defense counsel was designated to serve as assistant defense counsel of the court-martial. Both the defense counsel and the assistant defense counsel were officers of the Judge Advocate General's Corps of the Army and had been certified by the Judge Advocate General of the Army as competent to serve as counsel in cases before general courts-martial.

17. At about the time of the appointment of the new defense counsel mentioned in finding 16(b), Mr. McBride returned to the plaintiff all the files and papers pertaining to his case.

18. At the request of the newly appointed defense counsel of the general court-martial, the court-martial was reconvened on May 17, 1954. The defense counsel requested a further continuance of the case beyond May 24, 1954 in order to afford him an opportunity for the preparation of the case. This request was granted, and the case was continued to June 7, 1954.

19. (a) The general court-martial mentioned in finding 14 was again reconvened at Fort George G. Meade on June 7, 1954 for the trial of the plaintiff's case. Prior to that date, one of the colonels originally appointed to serve as a member of the court-martial had been relieved by the convening authority for good cause, and another Army colonel had been appointed in his place. The latter was sworn as a member of the court-martial on June 7, 1954 and was given a summary of the previous proceedings in the case.

(b) The plaintiff was represented at the trial on June 7, 1954 by the regularly appointed defense counsel and assistant defense counsel of the court-martial. Mr. Carroll, who had attended the trial session on May 3, 1954, was not present for the trial session beginning on June 7, 1954. The evidence does not show that Mr. Carroll's absence was due to inability to be present, and the plaintiff indicated to the court-martial that he had no objection to proceeding without Mr. Carroll.[4] However, the court-martial was advised that the plaintiff wished to be represent-

4. The evidence shows that although Mr. Carroll was not present at the opening of the court-martial trial on June 7, 1954, he did perform legal services for the plaintiff on that date in connection with the court-martial proceedings.

ed at the trial by Mr. McBride, and that Mr. McBride was still engaged in the trial of the Kuzma case. The court-martial was requested to grant a further continuance because of the absence of Mr. McBride, but the request was denied by the court-martial.

(c) After the denial of the request for a further continuance mentioned in paragraph (b) of this finding, the plaintiff was arraigned before the general court-martial and the trial of his case proceeded. The regularly appointed defense counsel and assistant defense counsel of the court-martial represented the plaintiff throughout the trial, which was completed on June 19, 1954. There is no evidence tending to show that either the defense counsel or the assistant defense counsel was incompetent or failed in any way to give effective assistance to the plaintiff in the preparation and trial of his case.

(d) During the entire court-martial trial of the plaintiff, Mr. McBride was absent because of his engagement in the trial of the Kuzma case at Philadelphia. That trial was not finally completed until August 13, 1954. The judge presiding at the trial of the Kuzma case refused to recess that trial in order that Mr. McBride might participate in the plaintiff's court-martial trial.

20. At the conclusion of the plaintiff's trial, the general court-martial acquitted the plaintiff of the offenses alleged in two specifications, but found the plaintiff guilty of all other charges and specifications.[5] The court-martial sentenced the plaintiff to be dismissed from the service, to forfeit all pay and allowances, and to be confined at hard labor for 3 years.

21. The convening authority approved the sentence that was imposed upon the plaintiff by the general court-martial.

22. The plaintiff's case was subsequently reviewed pursuant to Article 66 of the Code by a Board of Review in the Office of the Judge Advocate General of the Army. Mr. McBride represented the plaintiff before the Board of Review. Among the alleged errors included by Mr. McBride in the assignment of errors that he submitted to the Board of Review was the failure of the convening authority and the court-martial to continue the plaintiff's case until Mr. McBride could conclude his participation in the trial of the Kuzma case and be present to participate in the trial of the plaintiff's case. The Board of Review, in a decision dated February 28, 1955, considered but found no merit in the contention just mentioned. The Board set aside the findings of guilty under two specifications as not being supported by the evidence,[6] but otherwise approved the findings of guilty. The Board reduced the period of confinement from 3 years to 2 years, but did not revise the portions of the sentence relating to dismissal and total forfeitures.

23. (a) A petition for a grant of review under Article 67 of the Code was submitted to the Court of Military Appeals on behalf of the plaintiff by Mr. McBride. The pleadings filed with the Court of Military Appeals in connection with the petition for review set out (among other alleged errors) the failure of the convening authority and the court-martial to continue the plaintiff's case until Mr. McBride could be present to participate in the trial as counsel for the plaintiff.

(b) By an order dated June 9, 1955, the Court of Military Appeals denied the petition for a grant of review referred to in paragraph (a) of this finding.

---

5. The plaintiff was acquitted of one specification alleging subornation of perjury and of one specification alleging solicitation of the commission of a fraud, but he was convicted of other specifications alleging subornation of perjury and solicitation of the commission of a fraud. With respect to a specification alleging the larceny of $27,000 and another specification alleging conduct unbecoming an officer and a gentleman in connection with the same incident, the court-martial convicted the plaintiff of both specifications, but found that the theft involved "an amount exceeding $50.00."

6. These two specifications were the same ones mentioned in the last sentence of footnote 5.

24. Thereafter, the court-martial sentence against the plaintiff, as modified by the Board of Review, was duly executed.

### Conclusion of Law

Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes as a matter of law that the plaintiff is not entitled to recover, and his petition is therefore dismissed.

Madden and Laramore, JJ., dissented.