Edgar J. Nathan, Jr., J.
The memorandum accompanying the final order in the above-entitled matter herein, dated February 4,1963, is hereby corrected to read as follows:
Relator herein is a member of the New York National Guard. Some time in December of last year he was tried and convicted by a summary court-martial for violation of section 130.82 of the Military Law which relates to absences without leave. He was sentenced to confinement for seven days. He has sued out this writ attacking the jurisdiction of the military tribunal on the ground that he was denied right to counsel, that he was not given notice of the charges against him prior to trial and that there was no verbatim transcript of the proceedings taken.
Proceedings, findings, and sentences of military courts convened pursuant to the Code of Military Justice of this State are final, conclusive and binding upon the courts of this State. (Military Law, § 130.72.) However, while such a provision restricts a civil court from reviewing the merits of the case, the legality of the restraint under the authority of a court-martial may be reviewed by a civil court to the extent of determining the existence of jurisdiction, or whether a punishment “ forbidden by the law” has been inflicted (Dynes v. Hoover, 20 How. [61 U. S.] 65; see, also, 39 C. J. S., Habeas Corpus 534). In addition, ‘ ‘ If the circumstances of a court-martial proceeding and the manner in which it is conducted run afoul of the basic standard of fairness which is involved in the concept of due process, the courts will intervene.” (Schwartz, Bernard, A Commentary on the Constitution of the United States, Part I, Yol. II, p. 228 [The MacMillan Company], citing United States ex rel. Innes v. Hiatt, 141 F. 2d 664.)
The jurisdiction of the Military Tribunal over the person of the relator and the subject matter of the proceeding is admitted. What is actually contended in this proceeding is that the essentials of fair play which constitute due process have been denied.
*881 Insofar as denial of the right to counsel is concerned, the court notes that while the Code of Military Justice provides for defense counsel in general or special courts-martial which usually deal with more serious offenses (Military Law, § 130.38), no such provision is made with respect to a summary court-martial. However, the Supreme Court of the United States, has already held that while “ the Fourteenth Amendment prohibits the conviction and incarceration of one whose trial is offensive to the common and fundamental ideas of fairness and right, and while want of counsel in a particular case may result in a conviction lacking in such fundamental fairness,” it cannot be said ‘ ‘ that the Amendment embodies an inexorable command that no trial for any offense, or in any court, can be fairly conducted and justice accorded a defendant who is not represented by counsel.” (Betts v. Brady, 316 U. S. 455,473.) In the instant case, the record fails to show that the relator was in any way prejudiced by the fact that the procedure he was subjected to did not contemplate that he be represented by counsel and as a result that he was unable properly to assert any defense or explanation to abate or mitigate the final sentence. It appears that he was duly informed by the military court that in trying its case, it was its duty to act as judge and jury, prosecuting attorney and defense counsel. In view of the limitation of the punishments it can inflict (Military Law, § 130.20, subd. [c]) such procedure cannot be deemed violative of due process, especially since, if deemed on active duty, an accused before a summary court has the right to object thereto, and be tried instead by a general or special court as may be appropriate. (Subd. [b].)
Insofar as notice is concerned, the Military Code requires that the accused be informed of the charges against him (§ 130.30) “ as soon as practicable,” and that such charges be served upon him. (§ 130.35.) There is no time requirement with respect to summary courts for such service as there is “In time of peace ” for general and special courts. There is nothing herein to show that relator for any reason required or requested the extra time. Again, if deemed on active duty, he could, by proper objection, have gained the extra time by asking for a general or special court. His further objection that there was no verbatim transcript taken, must also be rejected. There is no statutory requirement for such a transcript nor does he show any prejudice by the absence thereof.
Relator’s membership in the National Guard is a status voluntarily assumed. He has subjected himself to the rules, standards and disciplines incident to military life and necessary *882 for the proper execution of the functions of national defense. In such circumstances he must submit to its authority and accept its punishments for his infractions of the Military Code. 'So long as he is subject to military jurisdiction, and so long as the military adheres to established principles of justice and fair play, taking into account the exigencies of its purpose and the peculiarities of its special status, this court cannot be called upon to intervene. The writ is accordingly dismissed.