[Crim. No. 11399.   Second Dist., Div. Two.   Dec. 3, 1965.]

In re THOMAS C. PALACIO on Habeas Corpus.

Baird, Holley, Baird & Galen, Robert O. Harker and Albert J. Galen for Petitioner.

Thomas C. Lynch, Attorney General, and Marvin Goldsmith, Deputy Attorney General, for Respondent.

KATZ, J. pro tem.*—This is a petition for a writ of habeas corpus to prevent petitioner's confinement in the county jail pursuant to an order of commitment issued by a summary court-martial.

Petitioner, an enlisted member of the California Air National Guard, was tried and convicted by summary court-martial on charges of failing to go to his appointed place of duty, wilfully disobeying a lawful order of a superior officer, and appearing in an unclean uniform in violation of articles 86, 90 and 134 of the Uniform Code of Military Justice. He was sentenced to confinement for a period of 10 days to be served in the county jail, which sentence was reduced to five days after review by the convening authority. At the time he appeared for trial, petitioner was advised that the summary court-martial officer would act as judge, jury, prosecutor and defense counsel, and he previously had been advised that he had no right to counsel at a summary proceeding and was not entitled to object thereto or request a special court-martial herein he would have been accorded the right to counsel.

Courts-martial in California are established or provided for by the Military and Veterans Code pursuant to the authority of article VIII, section 1, of the California Constitution which reads, ''The Legislature shall provide, by law, for organizing and disciplining the militia, in such manner

---

*Assigned by the Chairman of the Judicial Council.

as it may deem expedient, not incompatible with the Constitution and laws of the United States." Provision is made in the Military and Veterans Code for summary, special and general courts-martial (§§ 450-458), which, in ascending order usually try more serious offenses, are authorized to impose greater penalties, and are constituted with greater formality. The California law makes no mention of defense counsel and contains no provision for the assistance of counsel for the accused in any military tribunal. However, section 451 of the code provides that "the provisions of the Uniform Code of Military Justice [50 U.S.C.A., § 551 et seq.] . . . shall govern and be applicable except as otherwise provided in this code to the active militia including the California National Guard." The Uniform Code of Military Justice, in turn, contains provisions on the subject of defense counsel in special and general courts-martial, including section 838 which specifies "The accused has the right to be represented in his defense before a general or special court-martial by civilian counsel if provided by him, or by military counsel of his own selection if reasonably available, or by defense counsel detailed . . . [by the convening authority]." On the other hand, the uniform code makes no provision for defense counsel in a summary court-martial and the nature of that proceeding precludes the notion of the assistance of independent counsel since it is contemplated that the officer conducting the court will act as judge, prosecutor and defense counsel. Accordingly, the statutory law governing both state and federal military trials provides that an accused shall have a right to the assistance of counsel for his defense in special and general courts-martial but not in summary court-martial proceedings.

Petitioner contends that the denial of assistance of counsel before the summary court-martial violated rights guaranteed him by the Sixth Amendment of the United States Constitution, which he claims is applicable to state tribunals by virtue of the due process clause of the Fourteenth Amendment (*Gideon* v. *Wainwright*, 372 U.S. 335, 339 [83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733]), and by article I, section 13, of the California Constitution. The former provides, in part, that "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence," and the latter, that "In criminal prosecutions, in any court whatever, the party accused shall have the right . . . to appear and defend, in person and with counsel."

Petitioner also contends that he was denied a right to a jury trial guaranteed by article I, section 7, of the California Constitution which states ''The right of trial by jury shall be secured to all, and remain inviolate.'' On behalf of the State Guard, the Attorney General contends that the constitutional guarantees of the right to assistance of counsel and to a jury trial do not apply to an accused before a military court.

Whether the accused before a military tribunal has a constitutional right to counsel is a question that is not free from doubt. No decision by a civilian court on the appellate level has been cited which determines either that the Sixth Amendment right to counsel is or is not applicable to court-martial proceedings. As stated in *Reid* v. *Covert*, 354 U.S. 1, 37 [77 S.Ct. 1222, 1 L.Ed.2d 1148], ''As yet it has not been clearly settled to what extent the Bill of Rights and other protective parts of the Constitution apply to military trials.'' There is respectable authority for the view that the right to counsel is applicable (*United States* v. *Culp,* 14 U.S.C.M.A. 199, 33 C.M.R. 411 (opinions of Judges Quinn and Ferguson); *Griffiths* v. *United States,* 172 F.Supp. 691; *Shapiro* v. *United States,* 69 F.Supp. 205 [107 Ct.Cl. 650]; Henderson, *Courts-Martial and the Constitution: The Original Understanding,* 71 Harv.L.Rev. 293) as well as for the contrary view (*United States* v. *Culp, supra* (opinion of Judge Kilday); *Ex parte Benton,* 63 F.Supp. 808; *People* ex rel. *Pantano* v. *Sheriff of City of New York,* 38 Misc.2d 879 [238 N.Y.Supp.2d 886]; Weiner, *Courts-Martial and the Bill or Rights: The Original Practice,* 72 Harv.L.Rev. 1, 49). There is also an apparent lack of appellate court authority in California as to whether the state constitutional guarantee of right to counsel applies to military trials, although similar state constitutional provisions in New York and Nevada have been held applicable to court-martial proceedings. (*People* v. *Van Allen,* 55 N.Y. 31; *State* ex rel. *Huffaker* v. *Crosby,* 24 Nev. 115 [50 P. 127, 77 Am.St.Rep. 786].)

We find it unnecessary in the present case to determine whether the right-to-counsel guarantees of either the federal or state Constitution are applicable to trials in military courts. ▮ As previously noted, the statutory law governing military trials assures the assistance of defense counsel in special and general courts-martial, and section 820 of the Uniform Code of Military Justice provides that, with an exception not here applicable, ''No person . . . may be brought to trial before a summary court-martial if he objects there-

to . . ." and "If objection to trial by summary court-martial is made by an accused . . . trial shall be ordered by special or general court-martial. . . ." ■ Therefore, even if it be assumed that constitutional guarantees of the right to counsel apply in military trials, such guarantees are protected or satisfied when an accused before a summary court-martial is entitled to object to such summary proceeding and to be tried instead by a special or general court-martial in which the right to counsel is secured by military law. (Cf. *Prudential Ins. Co.* v. *Small Claims Court,* 76 Cal. App.2d 379 [173 P.2d 38, 167 A.L.R. 820]; *People* ex rel. *Pantano* v. *Sheriff of City of New York, supra.*) In *Prudential Ins Co.* v. *Small Claims Court, supra, t*he court was faced with the question of whether section 117g of the Code of Civil Procedure which prohibits the appearance of defense counsel in the small claims court was unconstitutional. After noting that arbitrary refusal of the right to appear by counsel would constitute a deprivation of due process, the court stated: "But that does not mean that the Legislature cannot create a small claims court where informal hearings may be held without the assistance of counsel, as long as the right to appear by counsel is guaranteed in a real sense somewhere in the proceeding." (P. 382.) It was there held that the right of the defendant in an action in the small claims court to appeal to the superior court where he is entitled to a trial de novo and where he can appear by counsel satisfied the due process right to counsel.

The Attorney General argues, however, that under the California Military and Veterans Code, unlike the Uniform Code of Military Justice, persons over whom summary courts-martial have jurisdiction cannot object to trial before such tribunals and obtain trial by special or general court-martial in lieu thereof. We do not agree with that interpretation of the California code. As previously indicated, section 451 thereof provides that state courts-martial shall be governed by the law and procedure of similar courts of the United States Army, and specifically by the provisions of the Uniform Code of Military Justice, "except as otherwise provided in this chapter." With respect to the right of an accused to object to trial before a summary court-martial, the Military and Veterans Code has not expressly "otherwise provided." Section 458 does contain a privision that "noncommissioned officers shall not, if they object thereto, be brought to trial before a summary court-martial without the authority of the

officer competent to bring them to trial before a special court-martial,'' which, it could be argued, implies that other enlisted men may not successfully object to trial by summary court. However, that provision antedates both the adoption of the Uniform Code of Military Justice in 1950 and the 1951 amendment to section 451 which states that the provisions of the Uniform Code shall govern and be applicable to the state militia. At the time of the enactment of the quoted provision in 1949, it conformed the California practice or procedure to that prescribed for comparable federal military courts by article 14 of the Articles of War (10 U.S.C., § 1485) which has since been superseded by section 820 of the Uniform Code. ▮ In light of the sequence of the enactments, the continued presence of the quoted language in section 458 of the Military and Veterans Code, at best, must be deemed to create such an uncertainty or ambiguity as to justify and impel, if not compel, a construction in favor of the view that members of the state militia, as well as of the armed forces of the United States, may object to trial by summary court-martial and be tried instead by special or general court-martial wherein the right to counsel is secured. In any event, we are unwilling to place a construction on a statute which would exclude, merely by implication, members of the state militia from the enjoyment of a valuable right and important procedure conferred and provided for by another statute. Especially is this so when, as here, to so construe the statute would create grave doubts concerning the constitutionality of that statute.

▮ We hold, therefore, that the provisions of section 820 of the Uniform Code of Military Justice with reference to the right to object to trial by summary court-martial is applicable to members of the State Guard, and that by reason thereof the denial of assistance of independent defense counsel before a summary court does not infringe upon or violate any constitutional right which members of the militia may possess. ▮ We further hold that since petitioner in the present case was denied the right to object to trial by summary court-martial and to be tried by special court-martial wherein he would have the assistance of counsel, the commitment ordered resulted from proceedings in which he was denied a basic right and procedure guaranteed by the applicable military law and must be set aside.

Inasmuch as petitioner may be retried on the charges herein involved, albeit by special or general court-martial if

he objects to summary court-martial, we deem it appropriate to dispose of petitioner's contention concerning the right to jury trial in military courts. ■ It is settled that the jury trial guarantee of the Sixth Amendment is not applicable to military trials. (*Ex parte Quirin,* 317 U.S. 1 [63 S.Ct. 2, 87 L.Ed.3]; *Ex parte Milligan,* 71 U.S. (4 Wall.) 2 [18 L.Ed. 281, 296]; *Reid* v. *Covert, supra.*) Petitioner argues that this results from specific language in the United States Constitution which is not contained in the California Constitution, and that a different interpretation of the latter is therefore justified. However, the decision in *Ex parte Quirin, supra,* that there is no constitutional right to a jury trial before military tribunals was primarily based upon an interpretation of the provisions of the Constitution in light of the common law extant at the time of their adoption and the contemporaneous construction thereof by Congress. Thus the opinion points out that trial by jury was a procedure "unknown to military tribunals . . . which in the natural course of events are usually called upon to function under conditions precluding resort to such" procedure, and states "The object was to preserve unimpaired trial by jury in all those cases in which it had been recognized by the common law . . . but not to bring within the sweep of the guaranty those cases in which it was then well understood that a jury trial could not be demanded as a matter of right." (P. 39.) The foregoing considerations are equally applicable to and should govern the interpretation of article I, section 7, of the California Constitution. As stated in *Ex parte Quirin, supra,* at page 41, "No exception is necessary to exclude from the operation of [this provision] cases never deemed to be within [its] terms." ■ We hold, therefore, that a member of the State Guard has no constitutional right to a jury trial before a state military tribunal.

The writ of habeas corpus is granted.

Herndon, Acting P. J., and Fleming, J., concurred.