UNITED STATES of America, Plaintiff-Appellee,

v.

Robert Artemus BURKEEN, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Harold Tucker MATLOCK, Defendant-Appellant.

Nos. 16241, 16242.

United States Court of Appeals Sixth Circuit.

Jan. 31, 1966.

John C. Newlin, Cincinnati, Ohio, for appellant Burkeen.

William D. Baskett, III, Cincinnati, Ohio, for appellant Matlock.

Jere B. Albright, Asst. U. S. Atty., Memphis, Tenn., for appellee, Thomas L. Robinson, U. S. Atty., Memphis, Tenn., Fred M. Vinson, Jr., Asst. Atty. Gen., Dept. of Justice, Criminal Division, Washington, D. C., on the brief.

Before WEICK, Chief Judge, and PHILLIPS and EDWARDS, Circuit Judges.

HARRY PHILLIPS, Circuit Judge.

Both defendants have appealed from judgments of conviction on three counts of an indictment charging bank robbery and related offenses.

Defendants were indicted jointly for the robbery of the Counce, Tennessee, branch of the Citizens Bank of Savannah, Tennessee. The indictments charged that defendants took approximately $3,320 from this federally-insured bank by force, violence and intimidation; carried the money away with the intent to steal and purloin; and in the process of committing these offenses put the life of a bank teller in jeopardy. Both defendants entered pleas of not guilty, Matlock being accompanied by his privately retained counsel and Burkeen being represented by Mr. Franklin Murchison, a reputable and experienced Tennessee lawyer, as court-appointed counsel.

Thereafter Matlock's privately retained counsel was permitted to withdraw and District Judge Bailey Brown appointed Mr. Murchison to represent both defendants as court-appointed counsel. This arrangement initially was accepted by Matlock, but later he changed his mind and asked the court to dismiss Murchison as his attorney on the ground that one attorney could not properly represent two defendants and that he required individual representation; in the alternative Matlock asked that his court-appointed counsel be discharged and that he be permitted to appear without counsel and to represent himself. After a hearing on this question, the district court concluded that there was no conflict of interest which would prohibit Mr. Murchison from representing both defendants. When Matlock continued to insist upon his right to conduct his own defense, Mr. Murchison was relieved as

his court-appointed counsel but was asked to render such aid and assistance to Matlock as Matlock should request. Mr. Murchison conducted a considerable part of the trial for both defendants, but Matlock was allowed to conduct any and all portions of his own defense as he desired throughout the proceeding.

It is contended that the district judge erred in failing to direct a verdict of acquittal on the second count of the indictment. Without lengthening this opinion with a summary of the testimony, we find that the evidence is more than sufficient to support the verdict of the jury on all counts.

Both appellants contend that hearsay evidence was admitted concerning the amount of money that was stolen; that the district court erred in failing to limit by cautionary instructions the inference to be drawn from testimony to the effect that one of the defendants stole a car which was used in the robbery; and that the court failed to charge the jury adequately on the subject of what constituted putting the life of the teller in jeopardy. We find no merit in any of these contentions.

█ In support of the last mentioned argument, defendants insist that there is no testimony that they did anything more than to display a pistol to the bank teller and to admonish her to be quiet so that she would not be hurt, and that there is no proof that the pistol was loaded. Neither is there any proof that the pistol was not loaded. The charge of the court on this point is quoted in the margin.[1] The charge also contains substantially the identical language of the statute. There is nothing complicated or confusing about either the wording of the statute or the wording in the indictment. "Where the instruction or charge of the court is based upon a statute which is sufficiently clear, the judge may set forth the statute in the instruction * * *." Morris v. United States, 156 F.2d 525, 529, 169 A.L.R. 305 (C.A. 9).

Matlock further contends that he was deprived of effective representation of counsel in violation of the Sixth Amendment by the action of the district court in appointing the same attorney to represent him who previously had been appointed to represent Burkeen and in refusing to appoint another attorney pursuant to his request. In order to assist this court in a review of this question, we appointed separate counsel for each of the appellants. The court-appointed attorney for Matlock has presented this question capably and comprehensively in briefs and oral argument.

█ It is well established that a conflict of interest on the part of counsel representing both the accused and another defendant may be such as to deprive the accused of the effective assistance of counsel guaranteed by the Sixth Amendment. Glasser v. United States, 315 U.S. 60, 76, 62 S.Ct. 457, 86 L.Ed. 680; Campbell v. United States and Glenmore v. United States, D.C.Cir., 352 F.2d 359; Craig v. United States, 217 F.2d 355 (C.A.6).

The holding of Glasser v. United States, supra, which is the leading case on this point, was stated as follows:

"Our examination of the record leads to the conclusion that Stewart's representation of Glasser was not as effective as it might have been if the appointment had not been made. We hold that the court thereby denied Glasser his right to have the effective assistance of counsel, guaranteed by the Sixth Amend-

---

1. "Under the third Count of the indictment, I charge you that you cannot find Harold Tucker Matlock or Robert Artemus Burkeen guilty as charged unless you find beyond a reasonable doubt that they by force and violence or by intimidation took from the person or presence of Jane Sharp money belonging to or in the possession of the Citizens Bank of Savannah, Counce Branch, Counce, Tennessee, while said bank was insured by the Federal Insurance Corporation, and, in commiting this offense, put in jeopardy the life of Jane Sharp, by the use of a dangerous weapon, to-wit, a pistol."

ment. This error requires that the verdict be set aside and a new trial ordered as to Glasser." 315 U.S. at 76, 62 S.Ct. at 468.

We read this language as requiring a showing of prejudice against the party claiming deprivation of Sixth Amendment rights.

As was said in United States v. Dardi, 330 F.2d 316, 335 (C.A.2), cert. denied, 379 U.S. 845, 85 S.Ct. 50, 13 L.Ed.2d 50:

"While the right to counsel is absolute, its exercise must be 'subject to the necessities of sound judicial administration.' United States v. Arlen, 252 F.2d 491, 494 (2d Cir. 1958); and where there appears to be no conflict, the court may, in its discretion, assign to a defendant the attorney of a co-defendant. See, e. g., Danziger v. United States, 161 F.2d 299, 301 (9th Cir.), cert. denied, 332 U.S. 769, 68 S.Ct. 81, 92 L.Ed. 354 (1947). Such an assignment is not, in itself, a denial of effective assistance of counsel. Since Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), it has been clear that some conflict of interest must be shown before an appellant can successfully claim that representation by an attorney also engaged by another defendant deprived him of his right to counsel."

In the present case the district judge explored carefully the possibility of any conflict of interest between defendants which would preclude their court-appointed attorney from providing adequate representation to both of them. He made an affirmative finding that no such conflict existed.[2]

■ We agree with the holding of the district judge that there was no conflict of interest between defendants and conclude that there is no showing of prejudice against Matlock. The two defendants were indicted jointly for a bank robbery in which they both are shown to have participated. Prior to this robbery the defendants were incarcerated together in the county jail at Selmer, Tennessee, for another offense; they escaped jail together and were seen together in the automobile that Matlock had stolen, which was used in the robbery. They were together the day and night before the robbery, the morning, afternoon and night of the robbery, and went to Texas together the day after the robbery.

From this record we conclude that the trial judge's appointment of one attorney to represent both defendants did not serve to prejudice the rights of defendant Matlock. No such conflict of interest questions are presented here as were presented in the conspiracy case dealt with in Glasser v. United States, supra, or in the case of the fraud which is dealt with in Craig v. United States, supra.

■ Mr. Franklin Murchison accepted appointment to represent both defendants some five months prior to the date of the trial. Matlock thereafter in-

2. The finding of the district court on this question is set forth in the order dated July 2, 1964, as follows:

"In this cause came the defendants and their counsel of record, heretofore appointed in this cause, Franklin Murchison, Esquire, whereupon the defendant, Harold Tucker Matlock, moved the Court that Franklin Murchison be discharged and relieved as his counsel of record and Carmack Murchison, Esquire, be appointed in his stead, and stated his reason as being that he did not feel Franklin Murchison could properly represent two defendants in a case of this importance. The Court then ascertained from statements of the defendants and Government Counsel in open Court that there was no conflict or inconsistency in the defense of the co-defendants. The Court also ascertained there was no personal reason or other cause for the defendant's request. Upon an indication by the Court that the motion would not be granted for the reasons stated by the Court, the defendant, Harold Tucker Matlock, then announced and moved that he be permitted to represent himself. The Court was of the opinion that he had this right, but that the previously appointed counsel should remain available throughout the trial for any advice or assistance the defendant may seek."

sisted that Mr. Franklin Murchison be discharged and that Mr. Carmack Murchison be appointed in his stead. Matlock's right to counsel does not carry with it the right to select a particular lawyer as his court-appointed attorney. Tibbett v. Hand, 294 F.2d 68, 73 (C.A. 10); United States ex rel. Allen v. Rundle, 233 F.Supp. 633, 635 (E.D.Pa.); Griffiths v. United States, 172 F.Supp. 691, 696, 145 Ct.Cl. 669 (Ct.Cl.), cert. denied, 361 U.S. 865, 80 S.Ct. 128, 4 L.Ed.2d 107. Nor was the district court required to set aside the prior appointment of counsel and appoint new counsel for Matlock in the absence of a showing of good cause. United States v. Abbamonte, 348 F.2d 700 (C.A.2), cert. denied, 86 S.Ct. 557; United States v. Curtiss, 330 F.2d 278 (C.A.2).

Further, Matlock had the right to represent himself and to insist upon the discharge of his court-appointed counsel. United States v. Johnson, 333 F.2d 1004 (C.A.6). The constitution does not "require that under all circumstances counsel be forced upon a defendant." Carter v. People of State of Illinois, 329 U.S. 173, 174–175, 67 S.Ct. 216, 218, 91 L.Ed. 172. The record in this case establishes that the district judge was careful and thorough in explaining to Matlock his right to counsel, and that Matlock on his own volition made the deliberate choice to conduct his own defense. This defendant was not without experience in courtroom proceedings. See, e. g., United States v. Burkeen and United States v. Matlock, 350 F.2d 261 (C.A.6). We hold that Matlock's right to the effective assistance of counsel as guaranteed by the Sixth Amendment has not been violated under the facts and circumstances of this case.

The judgment of the district court is affirmed.

The court expresses its appreciation to Mr. William D. Baskett III of the Cincinnati bar for his services as court-appointed counsel for Matlock and to Mr. John C. Newlin of the Cincinnati bar for his services as court-appointed counsel for Burkeen.