**UNITED STATES of America,**
**Appellee,**

v.

**Achilles ABBAMONTE, Appellant.**

**No. 480, Docket 29540.**

United States Court of Appeals
Second Circuit.

Argued May 18, 1965.

Decided July 16, 1965.

Edward M. Shaw, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for Southern District of New York, on the brief; Michael W. Mitchell, Asst. U. S. Atty., of counsel), for appellee.

Irwin Klein, New York City, for appellant.

Before WATERMAN, MARSHALL and ANDERSON, Circuit Judges.

MARSHALL, Circuit Judge.

This appeal is from a judgment of conviction for violating 21 U.S.C. §§.173, 174 entered after trial by jury before

Judge Edward C. McLean in the United States District Court for the Southern District of New York. Trial was had on a single count indictment involving a single incident on one day. Appellant seeks a reversal on two grounds, alleged improper appointment of counsel and certain alleged errors in admissions of testimony. We will consider them in that order.

## I

Appellant was indicted on June 23, 1964, and was confined to the United States House of Detention in lieu of $50,-000 bail. On June 24 appellant, claiming to be without funds, was assigned an attorney by Judge Wyatt and the case was adjourned to June 29 when appellant sought a reduction of bail. That was denied and the case adjourned to July 1. On July 1 appellant entered a plea of not guilty, bail was reduced to $30,000 and the case was adjourned to July 20 for motions to be filed. On July 10, on motion by appellant's privately retained counsel, bail was further reduced to $20,-000 by Judge Bryan. On July 17 Judge Murphy denied further time to file motions and assigned the case for trial on July 20. On July 21 appellant notified Judge Cannella that he had had a dispute with the lawyer retained by his family and was then without counsel. Judge Cannella offered to appoint counsel for him but appellant declined the offer requesting time to obtain counsel of his own choice. Judge Cannella reassigned the Legal Aid attorney to help him while he sought to retain counsel of his choice, gave him an extra copy of the indictment, and carefully advised him of his right to subpoena witnesses. Appointed counsel was relieved when appellant said he would make bail and on August 4 appellant, through his retained counsel, sought a further adjournment of two weeks. Judge McMahon adjourned the trial to August 10 before Judge McLean.

On August 10, after all these adjournments, changes in counsel, and motions for the reduction of bail, which surely would weary the most patient, appellant appeared before Judge McLean with his most recently retained counsel. He then requested another adjournment on the ground that he had only been out on bail for six days and wanted to subpoena some witnesses. His attorney, however, said that he was ready to go to trial, although he admitted appellant knew more about the case than he did. At that point, the following discussion took place:

The Court: We will go ahead this morning.

The Defendant: Then, your Honor, I have to make one more request then. I wouldn't want Mr. Krieger as my lawyer. If he doesn't go along with me at my request, I simply can't have him as my lawyer.

The Court: Well, you have had three lawyers now, Mr. Abbamonte, and there has to come a time when changing lawyers stops. Now, Mr. Krieger has been all over this with you. You retained him yourself.

The Defendant: I didn't retain him, sir. I didn't retain him. My family retained him.

The Court: Well, I think you should be content to have Mr. Krieger represent you.

The Defendant: He might be a competent lawyer and the best lawyer around but I can't have any faith if the man doesn't go along with me.

Mr. Gold: If your Honor please, I think what the defendant is asking for is that the lawyer go along with his own misstatements which Mr. Krieger is not willing to do.

The Defendant: There is no misstatements.

Mr. Krieger: Your Honor, unless this be terminated forthwith may this be conduct[ed] in the robing room?

The Defendant: This is a new application of which I had no forethought.

The Court: I don't think there is much more to conduct. How do you feel about the latest remark?

Mr. Krieger: The only application is obviously if my client says he doesn't want me, I want to join in an application to be relieved. If he doesn't want me, I don't want him.

Mr. Gold: Your Honor, this case has gone on this long and this is obviously another tactic to try and delay it and try to put off the trial.

The Defendant: There is no tactics. I will subpoena my people today, if you want, your Honor. I will not hold this court up any longer. I am just looking for a fair trial, your Honor.

The Court: You will get a fair trial, Mr. Abbamonte, and I think in your interest Mr. Krieger should continue to represent you. He is an experienced lawyer, and he's been over this case with you and he knows what defense to put in.

The Defendant: We haven't gone over the case, your Honor.

The Court: You have had two other lawyers before Mr. Krieger, and I don't feel that I should just put everything off for you to try to find another one. If you can't make an arrangement with Mr. Krieger that is satisfactory to both of you then I will have to assign Mr. Krieger to represent you but I'm going to go ahead with this today.

Mr. Krieger: Well, I call the question, your Honor, I ask for a ruling on my motion to be relieved because of dissatisfaction of the defendant.

The Court: I don't feel, Mr. Krieger, that there is any real dissatisfaction. I feel that this is an effort on the part of the defendant to secure further delay. Now, I have confidence in you and I know you are a good lawyer and you handle these things well, and I hope that you and the defendant will dispose of whatever difficulties you have which apparently haven't existed until this minute, but I will assign you anyway and ask you to go ahead with it.

Mr. Krieger: Then it is your Honor's ruling that—will I be correct in stating—you grant my application to be relieved as retained counsel and you assign me as assigned counsel to represent this defendant?

The Court: If necessary I will do that but I hope that in a few minutes' time you and your client can dispose of your difficulties and there won't be any need to relieve you. So we will hold the application in abeyance, if you like, but if you do feel that you have to renew it, I'm going to deny it and I will relieve you from private counsel and assign you as assigned counsel, if you have to.

Mr. Krieger: May I have your Honor's indulgence for about a moment?

The Court: Go ahead.

(Discussion off the record.)

Mr. Krieger: Do you wish to say anything to the court?

The Defendant: I don't wish Mr. Krieger as my lawyer.

Mr. Krieger: I think on that basis, your Honor must make a ruling, most respectfully.

The Court: Very well. I will relieve you in that sense, if you like, but I'm going to assign you to represent this defendant and we are going to go ahead with the trial because we can't be perpetually changing lawyers.

Mr. Krieger: Then my being relieved is without restriction, it is an unconditional release and a consequent and almost simultaneous assignment.

The Court: Put it that way if you like.

Mr. Krieger: Very well, your Honor. I have been assigned to represent you.

The Defendant: This is against my will.

The Court: I'm sorry, but there comes a time when you have to put an end to this.

The Defendant: Your Honor, I've only been out on bond since last Tuesday. They had me incarcerated for nine weeks. I have a family outside. I have a boy going to high school. I had to make a lot of preparations for my family to get prepared here.

The Court: All right. That's all.

Mr. Krieger: Thank you, your Honor.

■ Appellant was not a pauper. Instead his complaint is that he was not permitted to have the "assistance of counsel of his own choice" or to proceed without counsel and that this was in violation of Rule 44, Federal Rules of Criminal Procedure [1] and of the Sixth Amendment. Under the circumstances of this case, and in light of the earlier proceedings, we cannot agree.

The record of this case reveals a series of endless delays and maneuvers that could only have a dilatory purpose. Considering all the previous opportunities appellant had to retain counsel, the warnings and advice of the district judges concerning the inevitability of trial and the importance of retaining counsel, and the previous changes in counsel, Judge McLean could have then ordered appellant to proceed to trial without counsel after Mr. Krieger had been dismissed.

"* * * [W]here a defendant able to retain counsel has been advised by the court that he must retain counsel by a certain reasonable time, and where there is no showing why he has not retained counsel within that time, the court may treat his failure to provide for his own defense as a waiver of his right to counsel and require such defendant to proceed to trial without an attor-ney." United States v. Arlen, 252 F.2d 491, 494 (2 Cir. 1958).

The right to counsel "cannot be * * * manipulated so as * * * to interfere with the fair administration of justice." United States v. Bentvena, 319 F.2d 916, 936 (2 Cir.), cert. denied, 375 U.S. 940, 84 S.Ct. 345, 11 L.Ed.2d 271 (1963). Against this background, if Judge McLean had ordered appellant to proceed to trial without counsel, appellant's constitutional right to the assistance of counsel would not be violated. As the Circuit Court for the District of Columbia recently declared:

"Counsel urges that when the constitutional right is pitted against the inconvenience of delay a substantial presumption must be indulged in favor of the former. This is true, but in the case at bar Cleveland is not asserting a bare right to counsel or to choose his own counsel. He is asserting a right to a *third* choice. He had first chosen to have the court appoint counsel for him; this was done. He then chose to have a lawyer from the Intern program; this was granted. Then on the day of the trial he advanced a third choice, i. e., retained counsel. The problem here is not the right to counsel or the right to counsel of the defendant's choice. It is whether another continuance was required to allow the defendant to exercise the right to a third choice. We think that, under the circumstances of this case, the assignment judge could reasonably have concluded that it was not." Cleveland v. United States, 116 U.S. App.D.C. 188, 322 F.2d 401, 402–403, cert. denied, 375 U.S. 884, 84 S.Ct. 157, 11 L.Ed.2d 114 (1963).

Accord: Leino v. United States, 338 F.2d 154 (10 Cir. 1964); Neufield v. United States, 73 U.S.App.D.C. 174, 118 F.2d 375 (1941), cert. denied, Ruben v. United

1. "Assignment of Counsel. If the Defendant appears in court without counsel, the court shall advise him of his right to counsel and assign counsel to represent him at every stage of the proceeding unless he elects to proceed without counsel or is able to obtain counsel."

States, 315 U.S. 798, 62 S.Ct. 580, 86 L. Ed. 1199 (1942).

Since Judge McLean could have ordered appellant to trial without counsel, and thus could have deprived appellant of the opportunity of choosing and retaining another counsel, the remaining question is whether it was improper to deprive appellant of the opportunity to conduct his own defense by appointing Mr. Krieger as his counsel. See generally Adams v. United States ex rel. McCann, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942), rehearing denied, 317 U.S. 605, 63 S.Ct. 442, 87 L.Ed. 568 (1943); Price v. Johnston, 334 U.S. 266, 285, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948); Annot., 77 A.L.R.2d 1233 (1961). We hold that in the circumstances of this case Judge McLean did not commit reversible error in assigning Mr. Krieger. Appellant's sole reason for discharging Mr. Krieger was his refusal to make the request for a further postponement to which the appellant was clearly not entitled. He gave no indication that he wished to defend himself. Rather, Judge McLean could have reasonably inferred that appellant sought nothing more than a repetition of his maneuvers for delay, which was his real objective, by the tactic of firing still another lawyer, and that appellant had no intention of conducting his own defense because of any substantial dissatisfaction with his attorney. This would, of course, have been clearer if the court had followed the preferable procedure of inquiring of appellant whether he wished to continue with Mr. Krieger or, in the alternative, proceed *pro se*. But any reluctance we might have about resting our holding on inferences is dispelled by the conclusion that the appointment of Mr. Krieger helped rather than harmed Abbamonte. Mr. Krieger is an able and experienced criminal lawyer. He had conferred with the accused [2] and was familiar with the case, which was not unduly involved.

And, after carefully reviewing the entire transcript of the trial, we can confidently state that, from beginning to end, Mr. Krieger conducted a most vigorous defense. During the entire trial appellant did not object to Mr. Krieger's strategy or questioning, and even at this late stage, appellant is unable to point to any dereliction of duty on Mr. Krieger's part.

## II

Appellant's claim of reversible error in the admission of testimony of government's rebuttal witness is without merit. A defense witness, Heywood Williams, testified that he had been dragged down to Narcotics headquarters without a warrant and "charged with obstructing justice" because he had revealed an agent's identity. The government called its agent who testified:

"During the course of early April 1964, I had been receiving reports from various agents in the office that Heywood Williams an informant under my control was pointing out Agent Coursey to narcotic violators in the Harlem, New York areas was [sic] a federal agent; and was consequently jeopardizing Agent Coursey's status."

This testimony was admissible to explain the reason Williams was brought to headquarters. It was not reversible error, Busby v. United States, 296 F.2d 328 (9 Cir. 1961), cert. denied, 369 U.S. 876, 82 S.Ct. 1147, 8 L.Ed.2d 278 (1962).

Likewise, the testimony of another agent concerning a conversation between appellant and his partner relating to another transaction was clearly admissible on the issue of appellant's knowledge and willingness to deal in narcotics, United States v. Massiah, 307 F.2d 62 (2 Cir. 1962), rev'd on other grounds, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964).

The judgment is affirmed.

---

2. Appellant concedes that his statement to Judge McLean to the contrary, see supra pp. 701, 702, was inaccurate.