**UNITED STATES of America,**
**Appellee,**

v.

**Eulogio Ramiro CLAUSELL, Defendant-**
**Appellant.**

**No. 241, Docket 31421.**

United States Court of Appeals
Second Circuit.

Argued Dec. 14, 1967.

Decided Jan. 17, 1968.

Joshua N. Koplovitz, New York City
(Anthony F. Marra, New York City, on
the brief), for defendant-appellant.

Max Wild, Asst. U. S. Atty., Southern
District of New York (Robert M. Mor-
genthau, U. S. Atty., and Pierre N. Leval,
Asst. U. S. Atty., Southern District of
New York, on the brief), for appellee.

Before KAUFMAN, ANDERSON and
FEINBERG, Circuit Judges.

PER CURIAM:

On March 10, 1967 the jury returned
verdicts of guilty on both counts of an
indictment charging the appellant with
selling heroin hydrochloride in violation
of 21 U.S.C. § 173 and § 174. On April
18, 1967 he was sentenced to six years
imprisonment on each count, the sen-
tences to run concurrently. On this ap-
peal, appellant claims that the trial court
committed reversible error when it de-
nied his application, made on the thresh-
old of the trial, for a continuance for
the purpose of retaining new counsel and
when it directed that the trial should
go forward with counsel of record with-
out expressly advising appellant of his
right to proceed *pro se*.

At the time, the accused repre-
sented to the trial court that his reason
for changing lawyers was that he had
never had an opportunity to confer with
his present counsel about the case. The
attorney, however, stated that, contrary
to the defendant's assertions, he had
thoroughly discussed the case with the

accused on several occasions and as an officer of the court, he was prepared to represent Clausell at the trial, but that the accused had requested him to stall for time, which he refused to do. Under these circumstances the trial court was justified in concluding that the appellant was trying to engage in "endless delays and maneuvers that * * * only [had] a dilatory purpose," United States v. Abbamonte, 348 F.2d 700, 703 (2 Cir. 1965), and did not commit error by denying the continuance. Compare United States v. Bentvena, 319 F.2d 916, 936 (2 Cir.), cert. denied, 375 U.S. 940, 84 S.Ct. 345, 11 L.Ed.2d 271 (1963); United States v. Terranova, 309 F.2d 365, 366 (2 Cir. 1962); United States v. Arlen, 252 F.2d 491, 494 (2 Cir. 1958).

Concerning the appellant's claim that he was not advised of his right to proceed *pro se,* this court has held that "[r]egardless of whether he [the defendant] has been notified of his right to defend himself, the criminal defendant must make an unequivocal request to act as his own lawyer in order to invoke the right." United States ex rel. Maldonado v. Denno, 348 F.2d 12, 15 (2 Cir. 1965). As we noted in *Abbamonte,* supra, the "preferable procedure" would be to inquire whether the defendant wished to continue with his retained counsel or alternatively proceed *pro se,* 348 F.2d at 704, but where, as in both *Abbamonte* and the present case, the defendant gives no indication that he wishes to defend himself and the trial judge can conclude that the accused's only dissatisfaction with his attorney is the latter's refusal to stall the trial, we will not afford the "convicted criminals * * a ready tool with which to upset adverse verdicts after trials at which they had been represented by counsel."[1] United States ex rel. Maldonado v. Denno, supra at 16.

 The appellant also claims that the trial judge erred when he directed that the appellant be tried by a jury after his counsel had informed the court that the accused had said "that he doesn't want a jury trial." Immediately following the attorney's statement the trial judge asked the accused whether or not he wanted a trial by jury and the accused refused to answer. In any event there is no merit to the appellant's contention. An accused has no absolute or exclusive right to elect a trial by the court alone without a jury. See Singer v. United States, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965); Janko v. United States, 281 F.2d 156, 170 (8 Cir. 1960); Rule 23(a) of the Fed.Rules of Crim. Procedure.

We have considered the additional arguments raised by appellant pro se in his petition to amend brief, dated December 22, 1967, and find them devoid of merit.

The judgments of conviction are affirmed.

---

1. Counsel for the appellant on this appeal (appellant was represented by other counsel at the trial) stated: "After reviewing the trial record, I am constrained to reaffirm my earlier assessment that defense counsel's representation was, under all the circumstances, adequate, and am unable to point to anything in the record indicating that he was trying the case less vigorously than he might otherwise have had were it not for the clash between himself and appellant at the opening of the trial."