UNITED STATES of America ex rel.
Joseph MANISCALCO, Relator-
Appellant,

v.

J. Edwin LaVALLEE, Warden, Clinton
Prison, Respondent-Appellee.

No. 85, Docket 33368.

United States Court of Appeals
Second Circuit.

Argued Oct. 2, 1969.

Decided Oct. 21, 1969.

John F. Lang, New York City (William H. Frappollo, New York City, on the brief), for relator-appellant.

Lillian Z. Cohen, Asst. Atty. Gen., for State of New York (Louis J. Lefkowitz, Atty. Gen., for State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., and Brenda Soloff, Asst. Atty. Gen., on the brief), for respondent-appellee.

Before FRIENDLY, SMITH and FEINBERG, Circuit Judges.

PER CURIAM:

The United States District Court for the Northern District of New York dismissed the application for release on writ of habeas corpus of Joseph Maniscalco, a New York state prisoner, and Maniscalco appeals. We find no error and affirm the dismissal of the application.

Petitioner was convicted November 14, 1966 in a New York County Court for attempted burglary and possession of burglar's tools. He was sentenced to imprisonment for 2 years and 2 months to 10 years on the first count, and was given a suspended sentence on the latter count. The conviction was affirmed on direct appeal. People v. Maniscalco, 28 A.D.2d 823, 282 N.Y.S.2d 462 (1966). Petitioner brought this *pro se* petition for habeas corpus under 28 U.S.C. § 2254 in the Northern District of New York. It was denied by Judge Port on June 7, 1968. This court granted application for certificate of probable cause and assigned counsel on March 12, 1969.

The issues raised by petitioner on appeal are centered around the claim that he was denied counsel because of the court's appointment of one counsel for both defendants in the state trial, and the refusal to appoint different counsel, despite an allegedly apparent conflict of interests between the two co-defendants.

The events of the trial can be quickly summarized. There were two defendants, petitioner and Barnes. The court appointed a single attorney, one Frank from the Legal Aid. He visited petitioner once in jail, on April 11, 1966, and apparently advised petitioner to plead guilty to a lesser offense. (Petitioner did not like this advice.) On the day of trial, Frank appeared and told of petitioner's desire not to be represented by Frank. Barnes also requested a different lawyer. Petitioner said he would have to represent himself. Trial was adjourned for a day. The next day petitioner requested counsel, and was told by the court he could have Frank or he would have to represent himself, and that he would be better off using a lawyer since they were trained. Motion for adjournment on grounds petitioner had not been aware of trial date was denied. A *Huntley* hearing was then held to determine the voluntariness of petitioner's alleged confessions; defendants represented themselves. At the hearing, Barnes contradicted the testimony of a detective that the detective had not coerced petitioner—saying that Barnes had heard the detective coerce petitioner. Petitioner on the other hand had for some reason maintained that he and Barnes had been separately interrogated, so that Barnes would not have been present at the time of any alleged coercion. The court found the confessions were voluntary. After this hearing, Barnes asked for Frank and the court appointed him as Barnes' counsel. The defendant had decided to remain mute since his requests for different counsel had been repeatedly denied. A jury was selected. Then a plea was taken, the jury not present, on the charge of a prior felony. Defendant refused the court's offer of Frank as counsel and stood mute. (The State later established the prior conviction before the jury.) Barnes pled guilty to a lesser offense and was severed. Petitioner refused a similar plea bargain and continued to remain mute. Trial was held, petitioner standing mute,

declining the assistance of Frank, with Frank appointed as *amicus* but not doing anything. Barnes was not called by either side and did not testify. The jury found Maniscalco guilty. At the sentencing, petitioner managed to convince the court to allow him to get another counsel and to grant a delay. This new counsel at the final sentencing moved to set aside the verdict on the grounds *inter alia* that petitioner was denied counsel and that there had been conflicts between petitioner and Barnes, and between petitioner and Frank. The court denied the motions.

The appellant's claim is grounded entirely on an asserted conflict of interest between Barnes and petitioner which made it prejudicial for the court to have insisted that petitioner take Frank or no one at all. On this question, petitioner has not exhausted his state remedies, nor has he made these claims in the court below. No assertion of any conflict of interest was made by anyone at the trial before sentencing. Petitioner rejected Frank for one stated reason, that he had advised him to plead guilty to a lesser offense, a suggestion which did not appeal to petitioner. The claims made at the sentencing were essentially based on petitioner's having had to go to trial *pro se*.

In any case, there was no apparent conflict in interest between Maniscalco and Barnes at the *Huntley* hearing, and at the trial itself Barnes was no longer a party, having decided to plead guilty and his case having been severed. Frank was available to represent Maniscalco and so far as appears was fully competent to do so. There is no indication that Maniscalco was not fully competent to make the choice between accepting court-appointed counsel and proceeding without counsel. The trial court was not required to postpone the trial and seek out new counsel when it properly found that the objection to Frank was without sound grounds and for purpose of delay. The court took reasonable steps to keep the trial moving and pre-

vent delay. See United States v. Abbamonte, 348 F.2d 700 (2d Cir.1965); United States v. Bentvena, 319 F.2d 916, 934–938 (2d Cir.1963).

Judgment affirmed.