STATE OF TENNESSEE, Petitioner,

*v.*

BOBBY LEVI CHADWICK, Respondent.

450 S.W.2d 568.

(*Knoxville,* September Term, 1969.)

Opinion filed January 19, 1970.

DAVID M. PACK, Attorney General, ARNOLD PEEBLES, JR., Assistant Attorney General, Nashville, for petitioner.

CARL E. COLLOMS and WILLIAM A. PRINCE, Cleveland, for respondent.

Judgment of Court of Criminal Appeals reversed and judgment of trial court affirmed.

PER CURIAM.

This case comes to the Court by grant of the Writ of Certiorari. Bobby Levi Chadwick hereinafter referred to as the defendant was convicted of burglary in the third degree and his punishment fixed by the jury at a maximum of ten years in the State Penitentiary. The Trial Court sentenced the Defendant to serve not less than three nor more than ten years in the State Penitentiary. The Court of Criminal Appeals in a split decision reversed the judgment of the Trial Court and remanded the case for a new trial.

The issue before us is whether or not the Trial Court denied the Defendant the effective assistance of Counsel in violation of his constitutional rights under the facts of this case. We think not and we are pleased to adopt the dissenting Opinion of Judge W. Wayne Oliver of the Court of Criminal Appeals which is as follows:

This record shows that the defendant employed an outstanding attorney to represent him in this case, as he put

it, "the best lawyer there are." This attorney appeared with the defendant at arraignment on March 4, 1968, when the case was set for trial on the 28th of March. When the case came on for trial, in the absence of the jury which had been selected, defense counsel's motion for a continuance, upon the ground that the defendant's earlier conviction in another case was pending in the appellate court and that the opinion of that court could have some bearing on the defendant's condition immediately prior to the burglary out of which the present case arose, was overruled. The defendant began protesting the court's denial of a continuance. In an extended colloquy between him and the court, the defendant insisted that his retained counsel had told him that the case would be continued, and that he could not go to trial without his witnesses. After much discussion, the court correctly concluded that the witnesses referred to by the defendant knew nothing whatever about the facts or any material issue in the case and that their absence constituted no basis for postponement of the trial. In the course of this argument and discussion the defendant's attorney moved the court for permission to withdraw as defense counsel upon the ground that the defendant had informed him that he wanted to employ other counsel in the case. There was further discussion between the defendant and the court, during which the court advised the defendant that the case was going to be tried, that he could use his retained attorney if he wanted to, and that if he fired him in the middle of the trial it would be his own decision and problem. Thereupon the defendant fired his attorney in open court. The attorney persisted, however, in pressing his motion to be permitted to withdraw. The court declined to permit him to do so, and suggested that the extent of

his participation in the trial would be up to the defendant. The court stated:

"* * *I don't think that I can force you, over his objection, to participate, but I am not giving you orders to withdraw and I am not sanctioning his dismissal of you or your withdrawal. I just want it to be his problem and not mine.

\* \* \* \* \* \*

"* * * I think you ought to sit in here though. If he wants to ask you anything during the trial of the case why he would have the right to. I want you available in the event he wants to ask you anything."

The defendant repeatedly protested about going to trial without a lawyer and insisted that he was able to employ counsel, stated that he did not want to rehire his discharged attorney and did not want him sitting there. Nevertheless, the court instructed this attorney to remain and be available to help the defendant in the event that he wanted him to do so.

Under this record there can be no doubt that the defendant employed the tactics described in a deliberate effort to disrupt his trial and induce and cause reversible error. A defendant should not be permitted to subvert and nullify the whole judicial process by any such ruse or stratagem.

In 23 C.J.S. Criminal Law sec. 979(7), * * * it is * * * said, among other things: "The court may deny accused's application to discharge his counsel where it appears that such application is not made in good faith but is made for purpose of delay. It has been held that accused has the right to discharge his counsel during the trial, but does so at this own peril, and he is not entitled

to a mistrial and time to obtain other counsel." (First sentence ours)

In *United States ex rel. Davis v. McMann,* 386 F.2d 611. (2nd Cir. 1967), cert. den. 390 U.S. 958, 88 S.Ct. 1049, 19 L.Ed.2d 1153, the Court said:

"It is settled beyond question that due process requires that a defendant charged with having *commited* a felony be allowed representation by counsel. *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 1963). Nevertheless, a defendant may not through a deliberate process of discharging retained or assigned counsel whenever his case is called for trial subvert sound judicial administration by such delaying tactics. *United States v. Abbamonte,* 348 F.2d 700 (2 Cir. 1965), cert. denied, 382 U.S. 982, 86 S.Ct. 557, 15 L.Ed.2d 472 (1966); *Leino v. United States,* 338 F.2d 154 (10 Cir. 1964); *United States v. Bentvena,* 319 F.2d 916 (2 Cir.) cert. denied, sub nom. *Ormento v. United States,* 375 U.S. 940, 84 S.Ct. 345, 11 L.Ed.2d 271 (1963). * * *

"Though a defendant has a right to select his own counsel if he acts expeditiously to do so, *Releford v. United States,* 288 F.2d 298 (9 Cir. 1961), he may not use this right to play a 'cat and mouse' game with the court, *Releford v. United States,* 309 F.2d 706 (9 Cir. 1962), or by ruse or stratagem fraudulently seek to have the trial judge placed in a position where, in moving along the business of the court, the judge appears to be arbitrarily depriving the defendant of counsel. More particularly is this so when, during trial, the defendant discharges his counsel. Then, as we said in *United States ex rel. Maldonado v. Denno,* supra, 348 F.2d at 15: 'There must be a showing that the prejudice

to the legitimate interests of the defendant overbalances the potential disruption of proceedings already in progress, with considerable weight being given to the trial judge's assessment of this balance. *United States v. Bentvena*, supra, 319 F. 2d at 938; *United States ex rel. Hyde v. McMann*, supra, 263 F.2d [940] at 943; *United States v. Dennis*, supra, 183 F.2d 201 at 234.' "

And in *Schweinefuss v. Commonwealth* (Ky.Ct. of App. 1965), 395 S.W.2d 370, the Court said: "We think it is apparent that a defendant may not discharge his lawyer in the midst of a trial and complain that he is without proper representation, unless there is a substantial and valid showing that the action was in good faith and of necessity."

This is a case in which these principles should be applied. This Court should not hold that a man can obtain a reversal of his conviction and sentence by employing such tricks and devises as the defendant resorted to in this case, after his trial had started. To provide such an escape hatch is to suggest its use as a clear and sure method of obtaining a reversal.

The evidence in this case overwhelmingly establishes the defendant's guilt. He was caught red-handed in the act of burglarizing the prosecutor's store.

In my opinion, the Judgment of the Trial Court should be affirmed.

The authorities referred to us by Defendant's Counsel as well as many other authorities have been considered by us. All are distinguishable from the facts in this case. The retained Defense Counsel remained in the Courtroom

available to the Defendant throughout the trial. The facts concerning Defendant's arrest limited any possible defense. He knocked out the front door glass and entered the business of the prosecutor. He was apprehended at the front door of the business enterprise with a gun in his hand. There is no question about the crime being committed or the identity of the accused.

The Judgment of the Court of Criminal Appeals is reversed and Judgment of the Trial Court is affirmed.

McCANLESS, JUSTICE, not participating.