**Application of Carmine GALANTE, Petitioner.**

**No. 1083.**

United States District Court,
M. D. Pennsylvania.

March 26, 1970.

Peyton Ford, Ford, Ayer, Horan & Lester, Washington, D. C., Roy M. Cohn, Saxe, Bacon & Bolan, New York City,

Clyde E. Williamson, Williamson & Cupp, Williamsport, Pa., for petitioner.

S. John Cottone, U. S. Atty., Scranton, Pa., for the United States.

## MEMORANDUM

NEALON, District Judge.

Before the Court is an application for a Writ of Habeas Corpus filed by Carmine Galante, an inmate at the United States Penitentiary at Lewisburg, Pennsylvania, within the jurisdiction of the Middle District of Pennsylvania. Petitioner was convicted by a jury in the Southern District of New York on June 25, 1962, of conspiracy to violate the Federal narcotics law and was sentenced to a prison term of twenty years and fined $20,000.00. The Second Circuit Court of Appeals affirmed, sub nom. United States v. Bentvena, 319 F.2d 916 (2d Cir. 1963), and thereafter the Supreme Court denied a petition for a Writ of Certiorari and a petition for rehearing. A motion for reduction of sentence pursuant to Fed.R.Crim.P. 35 was filed with and denied by the New York sentencing Court. Thus far, petitioner has filed no Section 2255 motion, 28 U.S.C. § 2255, with the sentencing Court to vacate his sentence. Consequently, the Rule to Show Cause issued by this Court upon the filing of the present application ordered the parties to brief the threshold jurisdictional question, viz., whether petitioner must first apply to the New York sentencing Court for relief, prior to a formal hearing on the merits of the application.

The thrust of petitioner's argument is that his remedy under Section 2255 in the sentencing Court is "ineffective"[1] to test the legality of his detention. He contends that any petition he files with the sentencing Court in New York will

---

1. The final paragraph in 28 U.S.C. § 2255 provides:

   "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*" (Emphasis added.)

be controlled by what he considers to be adverse decisional law in the Second Circuit, which will result in a denial of his petition. Petitioner believes that the law in the Third Circuit on the subject of the right to the assistance of counsel and the right to the effective assistance of counsel is more favorable to him and, consequently, he should be allowed to take advantage of it.[2] He relies upon the reasoning of three cases: Rawls v. United States, 236 F.Supp. 821 (W.D.Mo.1964); Wells v. Swope, 121 F.Supp. 718 (N.D. Cal.1954), rev'd sub nom. Madigan v. Wells, 224 F.2d 577 (9th Cir. 1955); and Mugavero v. Swope, 86 F.Supp. 45 (N.D. Cal.1949), rev'd on other grounds, 188 F.2d 601 (9th Cir. 1951).

In deciding this case there is no need for an in-depth examination of the history and purpose of Section 2255 proceedings for this has been clearly set forth by the Supreme Court. Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969); United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952). The very issue presented here has been considered and carefully analyzed in C. Wright, Federal Practice and Procedure: Criminal § 591, as follows:

> "The statute does not bar resort to habeas corpus if 'the remedy by motion is inadequate or ineffective to test the legality of his detention.' There are a very few cases in which prisoners have been allowed to use habeas corpus on the ground that this

test has been met. Each of those cases seems to have been incorrectly decided. Despite two early holdings to the contrary, the fact that the distance between the place of confinement and the sentencing court is great, and that much time will be consumed in making the motion and perfecting the appeal does not make the statutory remedy inadequate or ineffective. Nor, despite the decision of one case later reversed,[3] can the statutory remedy be bypassed because a codefendant was unsuccessful in obtaining relief under § 2255. A few cases have held habeas corpus available after defendant has had a § 2255 motion denied.[4] This too is wrong. The court for the district in which the prisoner is confined cannot be permitted to second guess the sentencing court, and the court of appeals to which it is responsible. The statutory remedy is adequate and effective 'to test the legality of his detention' which is all that the statute requires, even though it is found on the § 2255 motion that the detention is legal.

> "If relief is possible under § 2255, it is the exclusive remedy and habeas corpus is barred for a federal prisoner. The writ may be used only by those who are not within the scope of § 2255, such as a person committed for mental incompetency, or one confined in prison without any judgment of a court, or one who does not challenge his conviction or his sentence

2. With respect to the right to assistance of counsel, the Second Circuit follows the "manipulation theory", e. g., United States v. Clausell, 389 F.2d 34 (2d Cir. 1968); United States v. Bentvena, supra, while the "waiver doctrine" is followed by the Third Circuit, e. g., Palumbo v. State of New Jersey, 334 F.2d 524 (3d Cir. 1964); United States ex rel. O'Neill v. Rundle, 230 F.Supp. 323 (E.D.Pa. 1964), aff'd, 341 F.2d 303 (3d Cir. 1965), cert. denied, 381 U.S. 944, 85 S.Ct. 1783, 14 L.Ed.2d 707 (1965). With respect to the right to the effective assistance of counsel when there is late appointment of counsel, the Second Circuit follows the "shock the conscience of the Court" test,

e. g., United States ex rel Cooper. v. Reincke, 333 F.2d 608 (2d Cir. 1964); United States v. Currier, 405 F.2d 1039 (2d Cir. 1969), while the "prima facie-burden of proof" test is followed in the Third Circuit, e. g., United States ex rel. Chambers v. Maroney, 408 F.2d 1186 (3d Cir. 1969).

3. Citing Mugavero v. Swope, supra, relied upon by petitioner.

4. Citing Rawls v. United States, supra, relied upon by petitioner. The third case cited by petitioner, Wells v. Swope, supra, has been reversed and, thus, merits little mention.

but claims he is being held after expiration of the sentence. The writ was available, also, under unusual circumstances in which the sentencing court lacked jurisdiction to give relief." Wright, Federal Practice and Procedure: Criminal § 591.

Accordingly, I am persuaded by Professor Wright's resolution of the problem and decline to accept the reasoning of the authorities presented by petitioner and hold that the Middle District of Pennsylvania is without jurisdiction under Section 2255 to entertain this petition for a Writ of Habeas Corpus. For this reason, the Rule to Show Cause previously issued in this case will be dissolved and the petition dismissed.