UNITED STATES ex rel. Robert BAS-
KERVILLE, Petitioner-Appellant,

v.

John T. DEEGAN, Warden of Auburn
State Prison, Respondent-Appellee.

No. 811, Docket 34469.

United States Court of Appeals,
Second Circuit.

Argued May 21, 1970.

Decided June 17, 1970.

trict Court for the Northern District of New York denying his application for a writ of habeas corpus.

## I.

In 1968 appellant was convicted after a jury trial in Supreme Court, Kings County, New York, of robbery in the first degree and possession of dangerous weapons. He was sentenced to concurrent terms of 15 to 20 years on the robbery charge and 3½ to 14 years on the weapons charge. The judgment of conviction was affirmed by the Appellate Division, People v. Baskerville, 31 A.D.2d 785, 298 N.Y.S.2d 465 (2d Dept. 1969). Leave to appeal to the Court of Appeals was denied. Appellant then petitioned the District Court for a writ of habeas corpus claiming (1) that he was denied the right to counsel of his choice in violation of the Sixth Amendment, and (2) that illegally obtained evidence was used against him in violation of the Fourth Amendment. The appellee did not challenge appellant's factual allegations but asserted that his claims were without merit and that a hearing was not warranted. The trial court, accepting appellant's allegations as true for the purpose of the proceeding, dismissed the petition without an evidentiary hearing.[1] We affirm.

## II.

In support of his claim that he was deprived of his right to counsel appellant alleged that after his arrest on August 26, 1967 his mother retained an attorney to represent him. On January 3, 1968 this attorney visited appellant in the detention area in the rear of a courtroom and told him that he was unable to get him into the "Rockerfeller Drug Program," and that his trial was to begin that day. Appellant, who had not seen his lawyer "for weeks," questioned him as to his failure to inform appellant of

Christopher Hammond Smith, New York City, for petitioner-appellant.

Mortimer Sattler, Asst. Atty. Gen., of New York (Louis J. Lefkowitz, Atty. Gen., Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for respondent-appellee.

Before SMITH and HAYS, Circuit Judges and TENNEY, District Judge.*

HAYS, Circuit Judge:

Appellant Robert Baskerville appeals from an order of the United States Dis-

---

*Of the Southern District of New York, sitting by designation.

1. Appellee has submitted certain material to this court, not submitted to the court below, which he contends contradicts factual allegations made by appellant. This material should have been submitted to the court below upon the return of the order to show cause.

the impending trial date and asked him whether he had prepared a defense, and if so, what it was. Counsel's answers "were not acceptable or favorable" to appellant. Counsel then suggested that appellant accept the District Attorney's offer to plead guilty and receive 20 years imprisonment. Appellant indicated that he did not intend to plead guilty and that he would retain other counsel. Nevertheless he consented to have this attorney represent him at the impending hearing on his motion to suppress certain evidence. Although appellant asked counsel to tell the judge he wanted to retain another attorney "before anything began," counsel argued the motion without so informing the judge. Appellant does not allege that he advised the court of his desire to change attorneys or even attempted to do so.

After the court denied the motion to suppress, the attorney, for the first time, told the judge that a disagreement had arisen between him and appellant and that he had been discharged. He requested a continuance of one to three days to permit appellant to obtain counsel of his own choosing.

In response to the judge's questions, the attorney said that he had been in the case for several months, had conferred with the appellant "on occasions," and that appellant had indicated no dissatisfaction with him until earlier that day. The attorney also said that he was unsure of whether he would be fulfilling his obligations as an advocate if he went to trial in the case.[2]

The judge denied the request for a continuance because no reason other than appellant's unexplained dissatisfaction with counsel was given for the last-minute discharge. Appellant states that he was denied an opportunity to address the court, but his petition fails to suggest anything he would have said to the court other than that he was dissatisfied with counsel.

■ We hold that the trial court's denial of a continuance did not deprive appellant of any constitutional right.

■ The right to counsel of one's own choosing is not absolute. As this court said in United States v. Llanes, 374 F.2d 712, 717 (2d Cir.), cert. denied, 388 U.S. 917, 87 S.Ct. 2132, 18 L.Ed.2d 1358 (1967):

"We and other courts of appeals have repeatedly made clear that the right to counsel 'cannot be * * * manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice.' United States v. Bentvena, 319 F.2d 916, 936 (2 Cir.), cert. denied, Ormento v. United States, 375 U.S. 940, 84 S.Ct. 345, 11 L.Ed.2d 271 (1963); United States v. Abbamonte, 348 F.2d 700 (2d Cir. 1965), cert. denied, 382 U.S. 982, 86 S.Ct. 557, 15 L.Ed.2d 472 (1966); Cleveland v. United States, 116 U.S.App.D.C. 188, 322 F.2d 401 (D.C.Cir.), cert. denied, 375 U.S. 884, 84 S.Ct. 157, 11 L.Ed.2d 114 (1963); United States v. Burkeen, 355 F.2d 241 (6 Cir. 1966), cert. denied, [Matlock v. United States] 384 U.S. 957, 86 S.Ct. 1582, 16 L.Ed.2d 553 (1966). Judges must be vigilant that requests for appointment of a new attorney on the eve of trial should not become a vehicle for achieving delay."

The trial court was under no duty to postpone the trial in view of petitioner's

2. Counsel told the court:
"He has indicated dissatisfaction, your Honor, and I say this most sincerely, that the result is far more harmful to everything and everyone concerned to press this situation. If the defendant feels the way he does, I see no way that I can possibly give him the representation that he deserves as a defendant in any criminal case. If he indicates to me a dissatisfaction, I personally cannot go through the motions of a trial and feel in any sense that I am fulfilling my obligations as an advocate. It is not a question of mere convenience, your Honor. I don't think that is the situation. This is the first time that this has occurred and I most sincerely urge upon the court to give the defendant a few days, two or three days opportunity to get other counsel of his own choice."

failure to allege any sufficient ground for wanting the delay. United States v. Llanes, *supra* ("[Appellant's] prepared written request * * * failed to set forth any substantial reason for his wish to have the Legal Aid Society relieved. The judge's refusal to appoint a new attorney for him was entirely proper. * * * "); United States ex rel. Jackson v. Follette, 425 F.2d 257 (2d Cir. 1970) ("[Appellant] failed to enlighten the court as to his motives and reasons beyond making it known that he wished to be relieved of present counsel because allegedly dissatisfied with him."); Ungar v. Sarafite, 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964) ("The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel.")

### III.

Appellant also alleges that evidence obtained in a search incident to his arrest should have been suppressed because the arrest was without probable cause.

On August 26, 1967 two policemen were stopped by a man who told them that he thought a robbery was taking place in a nearby Horn & Hardart Retail Shop. The policemen went to the store and were told by one of the employees on duty that a robbery had taken place. The employee gave a description of the robber. After broadcasting an alarm, the policemen proceeded to a nearby subway station. On the subway platform they saw the appellant, who fitted the description, and who was holding a Horn & Hardart shopping bag in which one of the officers thought he saw orange colored wrappers of the type usually containing coins. In fact such coin-filled wrappers were found in the search which followed.

Apart from catching a robber in the act, it is difficult to envision a situation in which there would more clearly be probable cause to arrest. As the trial court pointed out (quoting United States ex rel. Williams v. LaVallee, 415 F.2d 643, 645 (2d Cir. 1969)), "the speedy apprehension of the [robber] was a fine example of conscientious and commendable police work."

Affirmed.