**Frieda EDWARDS, Plaintiff,**

v.

**Paul T. WALKER, Defendant.**

**Fred W. DANIELS, Jr., Plaintiff,**

v.

**Frank F. KENTON, Defendant.**

**Nos. 72–1777, 72–1778.**

United States District Court,
C. D. California.

Sept. 29, 1972.

Friedman & Bencangey, Beverly Hills, Cal., for plaintiffs.

Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for defendants.

MEMORANDUM OPINION AND ORDER DENYING WRIT OF HABEAS CORPUS

HAUK, District Judge.

The Petitioners are incarcerated in the Federal Correctional Institution, at Terminal Island, California, following six-year sentences imposed on February 6, 1970, in the Western District of Texas for violations of 21 U.S.C. § 176a (conspiracy to import marijuana). They filed appeals with the U. S. Court of Appeals for the Fifth Circuit, which affirmed the convictions on April 8, 1971, and then petitioned for rehearings which were denied on May 10, 1971. Petitions for certiorari were filed with the Supreme Court of the United States, and these also were denied. Thus far, Petitioners have not filed any Section 2255 motions to vacate their sentences with the sentencing court or any other court.

Now they have each filed a Petition for Writ of Habeas Corpus, contending that:

(1) The remedy by 2255 motion is "inadequate or ineffective" to test the legality of the detentions.

(2) The respective representations of Petitioner by the same counsel in Texas and the Fifth Circuit were inadequate and ineffective because of conflicts of interest.

(3) Habeas Corpus should be granted here because of Petitioners' lack of effective representation by counsel there.

The Court has reviewed the Petitions, the Responses and the points and authorities presented by both parties, in each case, and being fully advised in the premises now orders that these Petitions for Writ of Habeas Corpus be denied for the following reasons.

This Court is without jurisdiction to entertain the Petitions for Writ of Habeas Corpus. The essence of the Petitioners' claims is that their respective remedies under section 2255 in the sentencing court are "inadequate or ineffective to test the legality of his [her] detention."

Petitioners assert that at any 2255 motion hearing, their presence is imperative to his and her respective claims; but because of the great distance between their place of present incarceration at Terminal Island, California, and the place of the sentencing Court in Texas, it is likely that the sentencing Court would deny any request that they be present at any hearing called by the sentencing Court. They contend that their testimony and the testimony of their fellow defendants, who are also in California, are essential to their claims.

This very issue has been considered and ruled upon in Application of Galante, 311 F.Supp. 732, 733, (M.D.Pa. 1970), which quotes the following analysis by a leading authority, C. Wright, Federal Practice and Procedure, Criminal § 591.[1]

"The statute does not bar resort to habeas corpus if 'the remedy by motion is inadequate or ineffective to test the legality of his detention.' There are a very few cases in which prisoners have been allowed to use habeas corpus on the ground that this test has been met. Each of these cases seems to have been incorrectly decided. Despite two early holdings to the contrary, the fact that the distance between the place of confinement and the sentencing court is great, and that much time will be consumed in making the motion and perfecting the appeal does not make the statutory remedy inadequate or ineffective. Nor, despite the decision of one case later reversed, can the statutory remedy be bypassed because a co-defendant was unsuccessful in obtaining relief under § 2255. A few cases have held habeas corpus available after defendant has had a § 2255 motion denied. This too is wrong. The court for the district in which the prisoner is confined cannot be permitted to second guess the sentencing court, and the court of appeals to which it is responsible. The statutory remedy is adequate and effective 'to test the legality of his detention' which is all that the statute requires, even though it is found on the § 2255 motion that the detention is legal.

"If relief is possible under § 2255, it is the exclusive remedy and habeas corpus is barred for a federal prisoner. The writ may be used only by those who are not within the scope of § 2255, such as a person committed for mental incompetency, or one confined in prison without any judgment of a court, or one who does not challenge his conviction or his sentence but claims he is being held after expiration of the sentence. The writ was available, also, under unusual circumstances in which the sentencing court lacked jurisdiction to give relief."

A further point to be considered is the necessity of having the Petitioners' defense counsel present at any hearings to determine the adequacy of his performance for each of them. Because the attorney is in Texas and is a great distance from this court, it would be a

---

1. For an in-depth examination of the history and purpose of Section 2255 proceedings, see Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969); United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952).

hardship for him to have to come to our Central District of California when he could attend a § 2255 hearing in Texas much more easily. Moreover, the Federal agents who testified against the Petitioners at their trial are important witnesses who may well be required to be present. But they, too, are in Texas and not in California.

Therefore, it is hereby ordered that these Petitions for Writ of Habeas Corpus be and the same are denied.