**Raul Ramos OLVERA, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 74–2655

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 13, 1974.

* Rule 18, 5th Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

Albert Armendariz, Sr., El Paso, Tex., for petitioner.

William B. Saxbe, Atty. Gen., U. S. Dept. of Justice, Rex Young, Atty., Government Regulations, John L. Murphy, Chief Criminal Div., Washington, D. C., William S. Sessions, U. S. Atty., San Antonio, Tex., Ralph Harris, Ronald F. Ederer, Asst. U. S. Attys., El Paso, Tex., Troy A. Adams, Jr., Dist. Dir., Immig. & Nat., New Orleans, La., for respondent.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

Deportation proceedings against petitioner commenced on July 10, 1973 when he was served with a notice of hearing and order to show cause why he should not be deported as an alien who had entered the United States without inspection in violation of 8 U.S.C. § 1251(a)(2). Petitioner appeared at the hearing on July 16, 1973 in the company of an attorney who made a motion for a thirty-day continuance on the basis that counsel of record, his father and law partner, was unable to attend because of participation in another trial; and that further time was needed to gather evidence to support petitioner's claim of citizenship. Counsel explained that he intended to establish citizenship through petitioner's mother, who had been born in the United States and had resided here until her marriage shortly after her nineteenth birthday. After reviewing some of the documentary evidence, the Special Inquiry Officer noted that it appeared unlikely that petitioner's mother had been a resident for the necessary

length of time.[1] In light of substitute counsel's apparent unfamiliarity with the case, the SIO granted a three-day continuance so that counsel could confer with his father to determine how to proceed. He cautioned, however, that at that time petitioner would need to "come up with some very convincing reason" to justify further delay.

Upon resumption of the hearing on July 19 substitute counsel again moved for a continuance based upon the unavailablity of his father as well as the need for additional time to research and obtain witnesses to support a new claim that petitioner was an illegitimate child and hence a United States citizen under section 205 of the Immigration and Nationality Act of 1940.[2] In opposition to the motion the government offered petitioner's birth certificate, in which his mother had declared him to be legitimate, and his parents' marriage certificate which disclosed that his birth was within the marriage period. The SIO ruled that in light of the evidence of legitimacy these documents supplied, petitioner's claim of illegitimacy was not shown to have any "prima facie merit". He denied the motion for continuance, observing that the issues presented were uncomplicated.

At the close of the hearing, the SIO held that petitioner had not met his burden of proving that he acquired United States citizenship under either his initial theory that he was the legitimate child of an American citizen mother who met the residency requirement or that he was her illegitimate offspring. The SIO concluded that petitioner was deportable for the reasons charged in the order to show cause. The Board of Immigration Appeals affirmed. Petitioner now seeks review of the order under 8 U.S.C. § 1105a.

■ Petitioner's lone allegation of error is that the denial of his motion for a continuance was an abuse of discretion that denied him the opportunity to prepare and present evidence to prove his citizenship. He first asserts that the ruling abridged his right to counsel of his choice. That right is clearly not without limit, however. *See* United States ex rel. Baskerville v. Deegan, 428 F.2d 714 (2d Cir.), cert. denied, 400 U. S. 928, 91 S.Ct. 193, 27 L.Ed.2d 188 (1970). Here, the legal and factual issues were not complex and substitute counsel had an opportunity to and did confer with counsel of record before the hearing. Moreover, petitioner has neither claimed nor demonstrated any deficiency in the representation afforded by substitute counsel. In these circumstances, the refusal to delay the hearing until counsel of record could attend did not constitute an abuse of discretion.

■ The SIO's refusal to grant a continuance did not deprive petitioner of a right to gather evidence. Petitioner was warned at the July 16 hearing that no extended delay would be granted absent his demonstration of a "convincing reason" to doubt the government's tangible evidence. At the reconvened hearing petitioner offered only his opinion that relatives could be found to testify to his illegitimacy. With probative evidence of petitioner's legitimacy before him, the SIO was justified in concluding that a continuance to gather evidence of uncertain value was not warranted.

---

1. The applicable law, section 201 of the Immigration and Nationality Act of 1940, 54 Stat. 1138–1139, provides in pertinent part: Sec. 201. The following shall be nationals and citizens of the United States at birth:
   \*　　\*　　\*　　\*　　\*
   (g) A person born outside the United States and its outlying possessions of parents one of whom is a citizen of the United States who, prior to the birth of such person, has had ten years' residence in the United States or one of its outlying possessions, at least five of which were after attaining the age of sixteen years, the other being an alien
   .　.　.　.

2. Section 205 provides, in pertinent part:
   .　.　. the [illegitimate] child, whether born before or after the effective date of this Act, if the mother had the nationality of the United States at the time of the child's birth, and had previously resided in the United States or one of its outlying possessions, shall be held to have acquired at birth her nationality status.

Petitioner also asks we transfer the case to the district court for a de novo hearing pursuant to 8 U.S.C. § 1105a(a)(5)(B). Because he has not shown a "genuine issue of material fact as to [his] nationality" to exist, as required by that section, we decline to do so.

The order of the Board is affirmed and the petition for review is dismissed.