Guy GERALD

v.

UNITED STATES of America.

No. 75–1–CIV–3.

United States District Court,
E. D. North Carolina,
Fayetteville Division.

March 18, 1975.

Guy Gerald, pro se.

Joseph W. Dean, Asst. U. S. Atty.,
Raleigh, N. C., for defendant.

ORDER

BUTLER, Chief Judge.

Petitioner, a federal prisoner, has filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. The facts supported by the record are as follows: Petitioner was arrested on March 5, 1973, and bail was set at $250,000. On March 20, 1973, a federal grand jury indicted him for possession of heroin with intent to distribute and distribution of heroin. Petitioner was arraigned in Raleigh on April 17, 1973, and entered a plea of not guilty reserving his right to a trial by jury. At the arraignment petitioner was represented by his privately retained counsel, J. Larkin Pahl, Esquire, of the Wake County Bar. Petitioner's case was continued to the next regularly scheduled session of court in Fayetteville to convene on June 4, 1973, to allow the defendant and his counsel adequate time

to prepare for trial. On April 26, 1975, petitioner was released from custody after posting 10% of a reduced appearance bond of $50,000.

Petitioner became dissatisfied with the services of Mr. Pahl, his privately retained counsel, and dismissed him several weeks before the trial. Thereupon the court directed a United States Probation Officer to contact the petitioner and inform him that the case was set for trial at the June 4, 1973 Session in Fayetteville; that petitioner should employ other counsel if he still desired privately retained counsel; and that if petitioner were financially unable to employ an attorney, the court would appoint an attorney to represent him. The record indicates that the probation officer offered to fill out a financial affidavit for the petitioner in connection with the possible appointment of counsel. The defendant refused to fill out a financial affidavit and refused to have the court appoint counsel for him stating that he wanted to retain his own counsel.

The case was called for selection of a jury on June 5, 1973, at which time the petitioner informed the court that his attorney, a Mr. Murphy of Norfolk, Virginia, was not present, whereupon he was allowed a one day's continuance in order to contact his counsel and have him present. On the following day, June 6, 1973, the petitioner informed the court that he could not complete financial arrangements with Mr. Murphy and that he had contacted Herman Taylor, Esquire, of the Greensboro Bar to represent him and requested a continuance of one more day which the court granted. The petitioner indicated that he would be prepared for trial the next day.

Petitioner appeared in court the following day, June 7, 1973, without counsel and was tried before a jury which returned a verdict of guilty as to both counts. On June 19, 1973, he was sentenced to a term of twelve (12) years with a special parole term of not less than three (3) years. With the aid of court-appointed counsel, petitioner appealed his conviction which was affirmed by the Fourth Circuit Court of Appeals on May 31, 1974. The issue of petitioner's trial without the aid of counsel was not raised on appeal.

Petitioner alleges the following grounds in support of his motion to vacate sentence: (1) he was denied his Sixth Amendment right to counsel at his trial; (2) neither the court nor the United States Attorney gave the petitioner any understanding of the charges against him, the elements of said charges, the maximum penalties prescribed by law, or possible defenses to the charges; (3) the court failed to protect his Fourteenth Amendment right to due process at trial by neglecting to produce as a witness an informant whose identity was disclosed on cross-examination by the petitioner; (4) that petitioner's court-appointed attorney in prosecuting the appeal not only failed to interview him to ascertain which grounds petitioner desired to raise on appeal but also neglected to raise the issue of his trial without assistance of counsel.

Petitioner's allegation that he was denied his Sixth Amendment right to counsel is without merit. The record indicates that the petitioner was given every opportunity to secure the assistance of counsel for his trial. Since his arrest took place on March 5, 1973, petitioner had approximately three months to prepare for trial. A reduced bond was posted and he was released from custody on April 26, 1973. Therefore, he was under no restraint and had complete freedom to employ counsel of his own choosing in order to prepare for a case which was not calendared for trial until June 5, 1973. Several weeks before the trial the defendant dismissed the privately retained counsel who represented him at his arraignment, and petitioner was cognizant of the fact that he was then without counsel and should obtain another privately retained counsel if he desired representation at

the trial, or apply to the court for appointment of counsel, if he was financially unable to employ counsel. At the time petitioner appeared for trial, the court granted him a 48 hour continuance in order to retain counsel of his own choosing. The petitioner steadfastly refused to have the court appoint counsel for him and refused to fill out the financial affidavit in connection therewith. The right to counsel of one's own choosing is not absolute. The right to counsel cannot be manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice. *United States ex rel. Baskerville v. Deegan*, 428 F.2d 714 (2nd Cir. 1970), cert. den. 400 U.S. 928, 91 S.Ct. 193, 27 L.Ed.2d 188 (1970). Moreover, the matter of a continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party is compelled to defend without counsel. *Ungar v. Sarafite*, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964).

■ The record of his arraignment completely refutes petitioner's allegation that neither the court nor the United States Attorney gave the petitioner any understanding of the charges against him or the maximum penalties prescribed by law upon a conviction of said charges. Upon a plea of not guilty the court is not required to explain the elements of the offenses, or explore with the defendant the range of possible defenses.

Petitioner in his third allegation has misconstrued the import of *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). *Roviaro* simply requires, in certain situations, the disclosure of the *identity* of a government informant. The record reflects the fact that the court directed such disclosure in this case.

■ Petitioner's allegations with respect to the alleged ineffectiveness of the attorney appointed by the court to prosecute his appeal are frivolous and without merit. These allegations amounting to a claim of ineffective assistance of counsel on appeal do not present an adequate ground for a motion to vacate the original sentence in a proceeding under 28 U.S.C. § 2255. Moreover, the selection of issues to be raised on appeal is a matter of appellate strategy which is properly committed to the informed discretion of an experienced attorney rather than to a layman. Petitioner complains that the issue of his trial without the assistance of counsel was not raised on direct appeal. Nevertheless, it has been considered by this court in the instant post conviction motion and found to be entirely without merit. '

Now, therefore,

It is ordered that petitioner's motion to vacate sentence be, and the same is hereby, denied.