**UNITED STATES of America,**
**Appellee,**

v.

**Aristotle DELPILAR, also known as**
**Aristotle Delipilar, Defendant–**
**Appellant.**

**No. 04–5190–CR.**

United States Court of Appeals,
Second Circuit.

June 6, 2005.

Arza Feldman, Feldman and Feldman (Steven A. Feldman, on the brief), Uniondale, NY, for Defendant–Appellant.

Jaikumar Ramaswamy, Assistant United States, Attorney for the Southern District of New York, (David N. Kelley, United States Attorney, on the brief; Robin L. Baker, Assistant United States Attorney, of counsel), New York, NY, for Appellee.

PRESENT: STRAUB, HALL, Circuit Judges, and KAPLAN, Judge.[1]

## SUMMARY ORDER

Defendant–Appellant Aristotle Delpilar ("Delpilar") appeals from a September 22, 2004, judgment of conviction entered by the United States District Court for the Southern District of New York (George B. Daniels, *Judge*) upon a jury verdict of guilty on one count of possession of stolen securities, in violation of 18 U.S.C. § 2315. The District Court, applying the United States Sentencing Guidelines, sentenced Delpilar to 14 months' imprisonment to be followed by three years of supervised release, and a $100 special assessment. Delpilar is currently serving his term of supervised release. On appeal Delpilar argues that the District Court erred in denying an application, made by Delpilar's father, for a continuance so that he could retain new counsel for his son, and that the District Court committed plain error in applying the Guidelines in a mandatory fashion and enhancing Delpilar's sentence beyond the relevant maximum based on facts not found by a jury beyond a reasonable doubt.

"A district court has broad discretion to grant or deny a motion for a continuance," *United States v. Cusack*, 229 F.3d 344, 349 (2d Cir.2000) (citing *United States v. Pascarella*, 84 F.3d 61, 68 (2d Cir.1996)), and " 'only an unreasoning and arbitrary insis-

---

1. The Honorable Lewis A. Kaplan, United States District Judge, Southern District of New York, sitting by designation.

tence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel.'" *United States v. Weinberg*, 852 F.2d 681, 687 (2d Cir.1988) (quoting *Morris v. Slappy*, 461 U.S. 1, 11–12, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983) (internal quotation marks omitted)). We will not reverse absent a showing of arbitrariness and prejudice to the defendant. *United States v. Arena*, 180 F.3d 380, 397–98 (2d Cir.1999); *United States v. Beverly*, 5 F.3d 633, 641 (2d Cir.1993) ("To demonstrate an abuse of this discretion, a defendant must demonstrate arbitrary action that substantially impaired the defense."). Here, Delpilar's father "fail[ed] to allege any sufficient ground for wanting the delay." *United States ex rel. Baskerville v. Deegan*, 428 F.2d 714, 717 (2d Cir.1970). The District Court received no indication from Delpilar's father that Delpilar's assigned counsel was not qualified or competent, and the court observed that "[counsel] is aggressively and competently representing this defendant." Neither Delpilar nor his father cited Delpilar's mental impairment as the basis for the request for a continuance. Nor did either party take issue with the competency evaluation and findings that had ensued in Delpilar's case. Additionally, though Delpilar did not allocute to this effect, the court noted that it had "no indication that Mr. Delpilar is dissatisfied with his attorney and wishes to proceed with another attorney." Furthermore, the court noted that the motion was made on the first day of trial, and weighing in the background of the court's decision was surely counsel's previous observation that, as of November 6, 2003, seven months before the request for continuance was made, Delpilar had potentially served all the time he would have been sentenced to under the Guidelines. Finally, Delpilar has made no showing that he was in any

way prejudiced by the denial of his father's motion. Accordingly, we find that the District Court did not exceed its allowable discretion in denying Delpilar's father's motion for continuance.

As to the claimed *Booker* error, Delpilar seeks a remand for resentencing under *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The government does not object to a remand for *consideration of* resentencing pursuant to our decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005). Because the error was not preserved, we review for plain error and remand for further proceedings consistent with our decision in *Crosby*.

Any appeal taken from the District Court following this remand and resentencing, to the extent it occurs, can be initiated only by filing a new notice of appeal. *See* Fed. R.App. P. 3, 4(b). A party will not waive or forfeit any appropriate argument on remand or on any appeal post-remand by not filing a petition for rehearing of this remand order. The mandate shall issue forthwith.

For the foregoing reasons, the judgment of the District Court is AFFIRMED IN PART and the case is REMANDED IN PART for further proceedings consistent with this order.