█ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. SALVATORE LA MONICA, Respondent.— Order entered July 2, 1969, granting petitioner's writ of error *coram nobis* and vacating judgment dated November 2, 1936, convicting petitioner of the crime of murder in the second degree, unanimously reversed on the law and the facts and petition dismissed and judgment reinstated. Petitioner sought a writ of error *coram nobis* to set aside a judgment of conviction of murder in the second degree entered November 2, 1936, after the verdict of a jury. The petitioner states two grounds: that he was not represented by counsel and that he was deprived of counsel of his choice. As to the first claim, it appears that petitioner, along with three others, was indicted for the crime of murder in the first degree on August 28, 1935. Two days later he filed an affidavit of indigency and the court appointed three attorneys to represent him. The competency of these attorneys is not in issue. The case as against petitioner and one of the others went to trial and resulted in a mistrial by consent. Thereafter a second affidavit of indigency was filed and the same attorneys were appointed. On this trial the jury failed to agree. A third trial began on October 7, 1936. The same attorneys appeared for defendant, but this time no affidavit of indigency was filed. The trial resulted in the conviction above referred to. The claim is that the failure to have an affidavit of indigency deprived the court of the right to appoint counsel and, hence, no counsel were appointed. We deem this incorrect on two grounds. First, the failure to have an affidavit — assuming one was required — was at most an irregularity which did not affect the validity of the designation of counsel. But secondly, and more important, no affidavit was required. In the absence of any intervening factor showing a change of circumstance, the original designation continued. It is quite clear that counsel regarded themselves as under a duty to continue their representation, and they did so. And when they sought compensation it was based on the original affidavit and designation, and paid accordingly. The basis of the second contention is that petitioner, after the second trial, became dissatisfied with his counsel and sought counsel of his own choice. He claims that he communicated that fact to Newman Levy, Esq., one of the counsel, and in reply he was informed by the Clerk of the court that he must proceed

with the assigned counsel. He further claims that he wanted James D. C. Murray, Esq., and that Mr. Murray was prepared to represent him. Aside from the inherent improbability of these assertions, they were not sustained at the hearing. In the 33 years that have elapsed since this alleged incident, it was not once asserted. No hint of it appears in the trial record, in the record on appeal, on a motion for a new trial or in a prior application in 1946 for a writ of *coram nobis*. The Trial Judge, the three assigned counsel and the court Clerk referred to are now dead. An attorney who represented the codefendant happily survives, and the affidavit supporting the petition states that he had knowledge of the material facts. Significantly, petitioner did not call him, nor was any explanation offered for the failure. All that petitioner testified to in regard to retaining counsel of his choice was that he desired Mr. Murray's services. There was not a word as to his ability to obtain those services, or that anyone on his behalf had so undertaken. Lastly, his testimony as to Mr. Murray's reaction belies the contention that he was retained. He is reported to have said that he would come to court if the court directed him to do so — in other words, if he were assigned. The right to counsel of one's choice is not to any counsel but to any counsel who is willing to accept the assignment. Otherwise one must accept counsel designated by the court. (*People* v. *Brabson*, 9 N Y 2d 173; *United States* v. *Burkeen*, 355 F. 2d 241, cert. den. sub nom. *Matlock* v. *United States*, 384 U. S. 957), barring lack of competence, conflict of interest or other disqualification. Petitioner failed completely to show that he was so deprived. Concur — Eager, J. P., Capozzoli, Nunez and Steuer, JJ.