Raymond E. Aldrich, Jr., J.
An application pursuant to section 408 of the Correction Law having been made for the retention of respondent Benny Calcione at Matteawan State Hospital, said respondent now seeks an order permitting the counsel chosen by him, namely, the Legal Aid Society, to represent him. His application is opposed by the Mental Health Information Service (hereinafter called MHIS) which alleges that it is the exclusive agency permitted to represent respondents without adequate means to employ other counsel under proceedings initiated by section 408 of the Correction Law.
The provisions of subdivision (c) of 22 NYCRR 694.3 provide that with respect to a proceeding instituted pursuant to section 408 of the Correction Law, patients have a right to be represented by counsel of their own choosing if such counsel can be obtained (22 NYCRR 694.3 [c] [1] [ii]) and that if the inmate, defendant or patient does not obtain counsel, such person shall be represented by MHIS (22 NYCRR 694.3 [d]).
The Director of MHIS does not contend that he has been assigned by the court to represent the respondent in the retention hearing, and neither can he demonstrate that the respondent has requested his retention. On the contrary, even though MHIS has represented the respondent in the past on other matters, the respondent in this retention hearing seeks the services of other counsel, namely, the Legal Aid Society. A reading of the foregoing rules and regulations clearly indicates that a respondent has the right to obtain any counsel who is willing to represent him.
This proceeding does not involve a situation where the court has assigned counsel to represent a respondent, but on the contrary we are confronted with a situation in which the Legal Aid Society has voluntarily offered their services with *482 out compensation being made by the State for the purposes of assisting respondent in this retention hearing. It is noteworthy that the particular attorney representing the Legal Aid Society has appeared for respondent in prior matters and apparently has gained the confidence of him and his family. In situations where a respondent has retained his own counsel, the courts should not interfere with that relationship unless there is a real compelling reason to the contrary as his choice is entitled to as much latitude as possible (People v Price, 262 NY 410, 413; People v McLaughlin, 291 NY 480). Respondent’s choice of an attorney should not be influenced because the attorney is employed by a legal organization funded by public contributions (People v La Monica, 33 AD2d 1004). Interference with that relationship because of that fact would be a denial to respondent of his constitutional right to the choice of his own attorney when he is able to obtain the services of one (US Const, 6th Amdt; NY Const, art I, § 6; Powell v Alabama, 287 US 45; cf. 66 Col L Rev 1322).
The reliance placed by the director upon People v Brabson (9 NY2d 173, 181) is misplaced for we are not confronted in this proceeding with a respondent requesting that a particular counsel be assigned by the court, for if we were, then MHIS would be the proper representative. Rather the contrary exists and respondent is not asking for the assignment of any counsel because he has his own.
The question raised by the Director of MHIS as to whether the Legal Aid Society as a matter of policy should participate in proceedings under the Correction Law and represent patients under alleged mental disabilities is an understandable one. While this court is sympathetic with the reasoning of the director, the policy question raised is one which is internal to the Legal Aid Society, and should be reviewed and passed upon by its board of directors who are administering public funds. It would be inappropriate for this court to determine its internal policy matters as this is the function of the Legal Aid Society Board of Directors. It also appears from the papers submitted by the Legal Aid Society that it does not intend as a general policy matter to attempt to compete with and to supersede MHIS with respect to their representation of patients in facilities under their jurisdiction. As to whether this case presents special circumstances so as to permit the Legal Aid Society to represent this respondent is an additional one to be made by the governing body of the society.
*483 Under the facts of this case the court will permit the Legal Aid Society to represent the respondent at the retention hearing.